**COASTAL PLAINS, INC., Appellant,**

v.

**CITY OF FORT WORTH, Appellee.**

No. 17039.

Court of Civil Appeals of Texas.

Fort Worth.

June 27, 1969.

Dalton, Moore, Forde, Joiner & Stollenwerck, and Dewey M. Dalton, Dallas, for appellant.

S. G. Johndroe, Jr., City Atty., and Henry C. Meyer, Asst. City Atty., Fort Worth, for appellee.

## OPINION

LANGDON, Justice.

Coastal Plains, Inc., plaintiff, filed suit against the City of Fort Worth, defendant, on March 28, 1968, in the form of a sworn account and alternatively upon quantum meruit for recovery of the sum of $5,216.87 for parts, labor, overhead, profit and costs allegedly arising out of its unsuccessful efforts to repair the transmission of an elevating scraper and for reasonable attorney's fees. The elevating scraper had been previously purchased by the City of Fort Worth from Coastal Plains, Inc., for the sum of $57,607.00 on the basis of a bid submitted by the latter, pursuant to written specifications prepared by the City of Fort Worth. The scraper was delivered to the City on or about October 10, 1966. It was used for about six (6) months after delivery and on or about April 5, 1967, the transmission failed completely and would not operate.

On April 19, 1968, City of Fort Worth filed its original answer denying the claim on the basis that it had paid a valuable consideration for the machine and the agreement and warranty on the part of plaintiff to repair and maintain the machine. Further it was alleged that if plaintiff's cause of action is one which can

be maintained on a sworn account, which is not admitted but specifically denied, the defendant says that the alleged claim is not just or true in whole or in part for the reasons stated. The answer was sworn to.

The answers of the defendant to plaintiff's written interrogatories, filed on June 17, 1968, and requests for admissions filed on October 14, 1968, contained specific denials under oath that any money was due and owing under the claims of Coastal Plains, Inc.

On November 14, 1968, the City filed its first amended original answer in which it again denied the allegations in plaintiff's petition. This answer was not sworn to. In it the City specified the terms of the warranty upon which it relied and other facts regarding the negotiation and eventual purchase of the machine in question and failure of the machine to operate or to function properly. The above answer contained a counterclaim for damages against the plaintiff for breach of warranty.

On November 19, 1968, plaintiff filed its first amended original petition seeking by more detailed allegations the same relief as prayed for in its original petition and thereafter the plaintiff, as cross-defendant, on November 21 and November 25, 1968, respectively, filed its original answer and its first amended original answer to defendant's counterclaim.

The case was tried to the court without a jury.

The statement of facts reflect that on November 25, 1968, early in the trial of the case following testimony as to reasonable attorney's fees, the plaintiff made an oral motion for judgment on its pleadings based upon its sworn account and for attorney's fees because no sworn denial of such claim was contained in defendant's amended original answer. Motion for judgment was denied. At this point leave was granted defendant to file a trial amended to its first amended original answer in which the matters contained therein were sworn to. The

trial amendment was permitted over the objection of the plaintiff. In overruling the objection the court said the filing of the amendment was permitted because it could not be any real surprise to plaintiff since defendant had denied the account under oath as provided for by Rule 185, Texas Rules of Civil Procedure, in its original answer and that the absence of the sworn denial on the last pleading was inadvertent.

Immediately following the above motion for judgment on the pleadings and the court's ruling thereon the defendant (on November 25, 1968) with leave of the court filed a trial supplement or amendment to its first amended original answer by which the matters contained therein were sworn to in conformity with the requirements of Rule 185, T.R.C.P.

From this point on the trial involved the warranties arising out of the written contract of sale between the defendant, City of Fort Worth, as the purchaser, and the plaintiff, Coastal Plains, Inc., as the seller. Stated another way the trial proceeded on the special contract between the parties. Meaders v. Biskamp, 159 Tex. 79, 316 S.W. 2d 75, 77–78 (1958); Ball v. Cooper-Stanley Company, 413 S.W.2d 467 (Dallas, Tex. Civ.App., 1967, no writ. hist.); and Robinson v. Faulkner, 422 S.W.2d 209 (Dallas, Tex.Civ.App., 1967, ref., n. r. e.).

The gist of the plaintiff's defense in attempting to avoid the compelling language of its warranty was based upon the negligence of the City in its maintenance and operation of the machine in question.

Following a full hearing on the merits the court rendered judgment that the plaintiff (appellant) take nothing by its suit and that defendant (appellee) take nothing as to its counterclaim.

The City of Fort Worth did not appeal from the adverse ruling upon its counterclaim. The only appeal from the court's judgment is that of the plaintiff, Coastal Plains, Inc.

At the request of the plaintiff findings of fact and conclusions of law were made and filed by the court. These findings are summarized as follows:

(1) The elevating scraper in question was sold by Coastal Plains, Inc., to the City of Fort Worth, for $57,607.00, paid to Coastal Plains, Inc., by the City of Fort Worth under a written contract of sale entered into between them.

(2) Under such contract Coastal Plains, Inc., expressly warranted the machine in question and covenanted and agreed in part as follows: " 'The scraper shall be * * * suitable for use in excavating, hauling, and spreading, on landfills and grading operations of the City of Fort Worth. * * *

" ' * * * Suitable for controlled dumping in thin or thick layers.

" 'All connections, gears, pumps, filters, locks, levers, controls, hose, mountings, and all types of equipment necessary for the complete and successful operation of the entire equipment as a unit shall be included in the bid price. The tractor and scraper shall be designed for the intended use and constructed to work as a matched unit. * * *

" '*The complete unit shall be guaranteed for a period of one (1) year from date of delivery to the City. This warranty by the seller shall include parts and labor for repairs and replacements at Fort Worth, Texas.* This does not include glass, filters, fan belts, cutting edges on scraper, lubricating oil, fuel, anti-freeze, or hydraulic fluid; except in case of defect or premature failure. Tires may carry only the tire manufacturer's warranty.' " (Emphasis ours.)

(3) The transmission of the elevating scraper failed approximately six months after plaintiff, Coastal Plains, Inc., delivered the machine to defendant, City of Fort Worth.

(4) The transmission was defective.

(5) The transmission failure was caused by its defective condition.

(6) The defective condition was not eliminated by repairs made by Coastal Plains, Inc.

(7) The defective condition was remedied only after the defendant's mechanic, Thomas E. Nestle, took the transmission apart, replaced defective "o" ring parts, connections, gears, and other parts, and reassembled it.

CONCLUSIONS OF LAW:

"That the failure of the transmission of the machine in question was within the scope of and covered by the warranties covenanted and agreed to by Coastal Plains, Inc. under the written contract of sale entered into between plaintiff and defendant."

At appellant's request the court made and filed additional findings of fact. They are summarized as follows:

(1) City of Fort Worth requested Coastal Plains, Inc., to put the elevating scraper in an operating condition.

(2) Coastal Plains, Inc., performed some repairs on the elevating scraper, but the same did not operate properly after such repairs.

(3) The reasonable cost of the work done on the elevating scraper was $5,216.87, on the date the work was performed.

(4) The first failure of the transmission of the elevating scraper occurred on or about April 5, 1967.

(5) Prior to the failure of the transmission of the machine in question the City of Fort Worth placed a 10W "Shield" oil in the transmission of the elevating scraper.

(6) Placing a 10W "Shield" oil in the transmission of the elevating scraper was not the proximate cause of its failure.

The following findings pertain to Van Bates Fisher:

(7) He was the last person to operate the machine in question prior to the first failure of the transmission.

(8) He was an employee of the City of Fort Worth.

(9) He was not instructed in the operation of the elevating scraper by any representative of Coastal Plains, Inc.

(10) He had no experience in operating a machine identical to the elevating scraper, but had had extensive experience in operating other types of heavy equipment.

(11) He was not negligent in the operation of the elevating scraper.

The plaintiff on appeal contends that findings Nos. 4 and 5 originally made by the court relating to the defective condition of the transmission and No. 6 of the additional findings made by the court to the effect that use of 10W "Shield" oil was not a proximate cause of the transmission failure were so contrary to the overwhelming preponderance of the evidence as to be clearly wrong and unjust. Further that there was no evidence in support of the latter finding or No. 11 of the additional findings to the effect that Van Bates Fisher was not negligent in the operation of the elevating scraper. By its final points (6 and 7) the plaintiff asserts that the court erred in overruling its motion for judgment upon its pleadings and in allowing the defendant to file a trial amendment.

We affirm.

■ It should be noted at this point that all of the original and the additional findings of fact are fully supported by the pleadings and the evidence. Since the findings themselves are very complete and cover all aspects of the case and the resulting trial, including the nature of the evidence which was presented, we see no need in making a detailed statement concerning the pleadings or the evidence.

"From the standpoint of judgment and review, a court's findings of fact have the force and effect of a jury verdict, and they will not be disturbed when supported by any evidence of probative force. * * *" 57 Tex.Jur.2d 365, § 604; McDonald Texas Civil Practice, Vol. 4, § 16.-10(b), p. 1302; Tix v. Employers Casualty Company, 368 S.W.2d 105, 107 (Houston, Tev.Civ.App., 1963, no writ hist.); Harris v. Rabe, 375 S.W.2d 919, 922 (Waco, Tex. Civ.App., 1964, no writ hist.). In the Tix case it was said: "In determining whether there is evidence of probative value to support a finding of fact, we must examine the evidence and view it most favorably to that finding and draw all reasonable conclusions therefrom. If so viewing the evidence and drawing such reasonable inferences we conclude that a reasonable mind could reach the conclusion reached by the trier of the facts, then there is evidence of probative force and we may not disregard such finding and render judgment contrary to it." See also 4 Tex. Jur.2d, § 839, pages 398–401.

We have very carefully examined the entire record. We have concluded that every finding made by the trial court has abundant support in the record and that such findings fully support the judgment. Findings contrary to those made by the court would have been so against the great weight and preponderance of the evidence as to be manifestly unjust.

Plaintiff's last two points attack the court's action in overruling its motion for judgment on its pleadings and in allowing the defendant, over its objection, to file a trial amendment. We find no merit in either of the points.

■ "Rule 185, which specifies the circumstances under which a suit or defense may be rested upon a sworn account, and the form which the supporting affidavit must take, is approximately classified as a rule of evidence. In the absence of a sworn denial, the account is

received as prima facie evidence as against a defendant sued thereon, and the defendant may not dispute the receipt of the items or the correctness of the stated prices. But a failure to deny the account under oath does not deprive the defendant of the right to defend on other grounds. Upon proper pleadings, he may show * * * any other defense which does not put in issue the itemization of the claimed debt. The defendant also may interpose a counterclaim." McDonald Texas Civil Practice, Vol. 2, § 7.31, p. 666.

Under the above rule the failure to deny the account in question under oath did not deprive the defendant of the right to defend the suit on the basis of its special contract with the plaintiff which required the latter to guarantee the complete unit for one year under a warranty which "shall include parts and labor for repairs and replacements at Fort Worth, Texas."

Under the announced rule it was unnecessary for the defendant to dispute the amount of the plaintiff's claim based upon parts and labor for repairs and replacements. The defendant has admitted that it called upon plaintiff to put the machine in operating condition and that the plaintiff failed in its efforts to do so. The fact that the amount of money, for parts and labor, expended by plaintiff in this effort, is in evidence does not entitle plaintiff to judgment. The court found against its contention that the provisions of the warranty were inapplicable because of the negligence of the City in its maintenance and operation of the machine.

Since the plaintiff would not be entitled to prevail upon its suit for sworn account which ignores its duty and responsibility under the warranty it was proper for the court to overrule the motion for judgment on the pleadings.

Since it makes no difference whether the defendant's answer was verified or not under the circumstances involved in this case it was not error to permit the filing of the trial amendment. All points of error are overruled and the judgment is affirmed.

Affirmed.