Salvador GUERRERO et ux. d/b/a International City Wrestling Club, Appellants,

v.

Saul O. PAREDES, Appellee.

No. 6197.

Court of Civil Appeals of Texas, El Paso.

July 14, 1971.

Mike Thompson, El Paso, for appellants.

Holvey Williams, Joseph L. Dunigan, El Paso, for appellee.

## OPINION

RAMSEY, Chief Justice.

This is a suit to recover profits under an oral agreement. Saul O. Paredes, Plaintiff-Appellee, filed suit against Salvador Guerrero and wife, Herlinda Y. Guerrero, d/b/a International City Wrestling Club, Defendants-Appellants, for one-half of the profits received in promoting wrestling matches. From an adverse judgment entered by the Court, the Defendants perfect this appeal. We affirm.

Plaintiff alleged that in 1966, Defendants discussed with him, the possibility of promoting wrestling matches. Defendants owned International City Wrestling Club, but had no license from the State of Texas and could not obtain a license because of citizenship. Plaintiff was to obtain the license, which he subsequently did. Plaintiff claimed that under their oral agreement, he was to receive $10.00 per night as a master of ceremonies plus one-half of the profits.

Defendants contend that Plaintiff was not entitled to half of the profits, but only an annual bonus, the amount of which was not specified. The testimony of the parties is in conflict only with reference to the additional amount the Plaintiff was to receive. Defendants furnished a profit and loss statement, and based on the testimony and exhibits introduced, the trial Court entered judgment for the Plaintiff in the amount of $9,189.74, which was one-half of the net profits.

Pursuant to Rule 296, Texas Rules of Civil Procedure, and on Defendants' request, the Court filed its Findings of Fact, the pertinent findings being:

＊　＊　＊

3. It was agreed that the net profits of the operation would be 'split' between the parties.

"＊　＊　＊

6. During the time that the Plaintiff was connected with the promotion, the operation netted the sum of $18,379.48."

The Court's conclusion of law was to the effect that the Plaintiff is entitled to recover one-half of the sum shown in the Court's finding of Fact Number 6.

Defendants assign two points of error contending:

(1) That the evidence is insufficient to support a finding that the net profits would be "split"; and,

(2) There is no evidence, or insufficient evidence as to the time and amount when the split of profits was to commence.

When specific findings of fact and conclusions of law are filed and a Statement of Facts is also included in the record, the findings will be sustained if there is any evidence to support them.

McDonald Texas Civil Practice, Vol. 4, Sec. 16.10(b); Gulf Freeway Lumber Company v. Houston Investment Realty Trust et al., Tex.Civ.App., 452 S.W.2d 39 (n. w. h.). From the standpoint of judgment and review, a Court's Findings of Fact have the force and effect of a jury verdict, and they will not be disturbed when supported by any evidence of probative force. 57 Tex.Jur.2d 365; Coastal Plains, Inc. v. City of Ft. Worth, Tex.Civ.App., 443 S.W. 2d 414 (n. w. h.).

■ In determining whether the evidence is of probative force to support a Finding of Fact, the reviewing Court must examine the evidence and view it most favorably to that finding and draw all reasonable conclusions therefrom. If, in so doing, we conclude that a reasonable mind could reach the same conclusion determined by the trier of the facts, then there is evidence of probative force and we may not disregard such finding. Coastal Plains, Inc. v. City of Ft. Worth, supra. 4 Tex. Jur.2d, Sec. 839, pp. 398–401.

■ The trial Court heard the testimony of all the parties. Since Mrs. Guerrero did not hear the actual negotiations between her husband and the Plaintiff, the only testimony concerning the financial arrangements came from Guerrero and Paredes. All parties understood, including Mrs. Guerrero, that Paredes was to get more than just the $10.00 per night. Guerrero testified that the amount was left entirely in his discretion, and definitely stated that no "split" of the profits was ever discussed. The parties discussed their proposed arrangements on three different occasions, and finally started their operation on May 8, 1967.

Mrs. Guerrero testified that in January, 1969, Plaintiff asked her about his bonus but she told him she would tell her husband. Plaintiff testified that he did not demand any additional money immediately on commencement of the operation, but that the agreement was that when the operation began making a profit, they were to split at the end of each year. Plaintiff further testified that by the term "split", meant an equal division of the profits and was so understood in the wrestling business. On March 11, 1969, Plaintiff wrote Defendant a letter inquiring about their status. In the letter, Plaintiff refers to a "bonus" and requested a contract, retroactive to January 1, 1968, desiring to define their rights as to accumulated funds "whether it be on a fifty-fifty basis or as agreed". Plaintiff testified as to his duties and responsibilities relating to the operation and his promotional activities in the conduct of the business in addition to his duties as master of ceremonies. On May 26, 1969, Defendant sent Plaintiff a letter agreement offering an annual bonus of 3% of the net taxable income. Plaintiff did not execute this agreement. In June, 1969, Plaintiff withdrew from the operation.

Exhibits were introduced showing profit and loss statements furnished by Defendant. Based upon these exhibits, the Court made its computation contained in the findings and judgment. Though the Defendants complain of the "time and amount", we assume that they complain of the "percentage amount" as opposed to the "dollars and cents amount" since their argument is entirely directed to this proposition. No complaint appears in the Defendants' brief as to the Court's computation of the actual profit.

We have examined the entire record and conclude that the findings of the trial Court have adequate support in the record and that such findings support the judgment which is affirmed.