Dr. Narciso **CORTEZ** et al., Appellants,

v.

Manuel **CORSI**, Appellee.

No. 838.

Court of Civil Appeals of Texas, Corpus Christi.

Aug. 29, 1974.

Rehearing Denied Sept. 19, 1974.

Homero M. Lopez, Brownsville, for appellants.

Franklin T. Graham, Brownsville, for appellee.

## OPINION

YOUNG, Justice.

By this suit for accounting and settlement of accounts between five partners in a restaurant and bar venture, the managing partner, Manuel Corsi, sought contribution from the other partners: Dr. Narciso Cortez, Raul Tijerina, Jr., Johnny Cavazos, and Gilbert J. Ortiz. All parties sought dissolution of the partnership and the appointment of an auditor. The landlord and a laundry service company intervened. After a non-jury trial, the trial court in its judgment approved the settlement between the landlord and Cavazos, as trustee; granted recovery for the laundry service company against all partners, jointly and severally; and granted Corsi recovery of $12,320.41 against each of the other partners. From this judgment, based on findings of fact and conclusions of law, these partner-defendants appeal.

Defendants' chief complaints arise from the findings of fact and conclusions of law: the ones they proposed that the trial court did not make; and the ones they opposed that the trial court did make.

The unchallenged findings of fact and the undisputed evidence show that in the latter part of 1969 the appellee and the appellants by oral agreement, formed a general partnership for the operation of a restaurant and an adjoining bar to be known respectively as "Manny's on the Beach"

and "La Bahia Club". All partners were to share equally in all profits and losses. Operation of both businesses began in early 1970 on South Padre Island, Cameron County, Texas. Appellee was employed to manage both businesses and the partners agreed that he would be reasonably compensated. The venture was never profitable, and appellee ceased being manager June 26, 1972. The restaurant and bar closed on September 1, 1972, and on September 21, 1972, Corsi filed this suit.

On October 27, 1972, the trial court, by an agreed order, appointed a firm of certified public accountants to perform the requested audit. In that same order the court appointed Cavazos, a partner-defendant, trustee to take charge of all partnership assets; to sell the assets; and to return into the registry of the court all sums received.

■ Appellants complain in twenty-four (1–18, 21–26) points of error of the trial court's failure to make their proposed findings and conclusions. The record in that regard shows that, at the conclusion of the evidence, the trial court requested all the attorneys to present proposed findings and conclusions; subsequently all did propose findings, but no conclusions. After the court entered its judgment, the appellants (except Cortez) requested designated findings of fact and conclusions of law, being essentially the same findings they had previously proposed to the court. In response to that request the court, thereafter, made and filed its findings of fact and conclusions of law. After these were made and filed by the court, the appellants failed to request any specified further, additional, or amended findings in compliance with Rule 298, Texas Rules of Civil Procedure. Because of this failure, the appellants have waived their right to complain on appeal of the trial court's failure to make designated findings and conclusions. We so hold. Stewart v. Stewart, 319 S.W.2d 154 (Tex.Civ.App.—Fort Worth 1958, n.w.h.). See 4 McDonald, Texas Civil Practice §

16.07 (1971). These points (1–18, 21–26) are overruled.

We next consider appellants' points (19 and 20) about complaints of the trial court's making certain findings (8 and 11). Appellants assert that the court's finding (8) of $4,873.95 as withdrawals by Corsi during 1971–1972 is contrary to the undisputed evidence which shows that Corsi was paying personal living expenses from partnership funds. Appellants claim that the finding (11) of $61,876.00 as investment by Corsi during 1970–1972 is contrary to the undisputed evidence which shows that Corsi's divorced wife, Ann, owns all interest in the partnership that Corsi now claims.

■ The trial court's findings of fact must be sustained if there is any favorable probative evidence, regardless of contrary evidence, to support them. Red Arrow Freight Lines, Inc. v. Howe, 480 S.W.2d 281 (Tex.Civ.App.—Corpus Christi 1972, n.r.e.); Guerrero v. Paredes, 470 S.W.2d 921 (Tex.Civ.App.—El Paso 1971, n.w.h.). See 4 McDonald Texas Civil Practice § 16.10(b) (1971).

■ About the withdrawals, Jimmy Steele, the accountant who made the requested audit, in his report filed and admitted into evidence listed $5,460.00 as withdrawals by Corsi during 1970–1971. In the report Steele explains:

"Of the $5,460 withdrawals, $3,583 are agreed by Mr. Corsi and his attorney. The difference $1,877 represent items which appear to us to be chargeable to Mr. Corsi, and recorded as withdrawals on the books, but not agreed to by Mr. Corsi."

In evidence was an itemized list of withdrawals, totaling $1,877.29, prepared by Steele from the partnership books, also in evidence. But on that list beside each item was a marking of either "B" or "M". By stipulation of all the attorneys "B" means the item should have been charged to busi-

ness, and "M" means the item should have been charged (as a withdrawal) to Corsi. If all the items marked with an "M" are added, the sum is $1,140.25. When this sum is added to $150.00, alo a withdrawal stipulated by Corsi, the total is $1,290.25. The addition of $3,583.00, the amount mentioned by Steele and admitted by Corsi as withdrawals, to the $1,290.25 yields the sum of $4,873.25. This sum is only 70¢ less than the $4,873.95 the trial court found as the amount Corsi had withdrawn from the partnership during 1971–1972. We hold there is ample probative evidence to support that trial court finding (8).

■ About the investment, the record shows that Corsi married Ann in November, 1970; that the money he invested in 1970–1971 was given to him by his wife; that most of the invested money came from a loan to his wife of $180,000.00 he and his wife received from a bank; that he and Ann were divorced in March, 1972; and that their property was divided, in the divorce proceeding, pursuant to a property settlement agreement which gave Ann a $35,000.00 judgment against Corsi for money advanced out of her separate property.

Appellants argue that on account of the Texas Uniform Partnership Act, Art. 6132b, § 28–A(1) and § 28–B(1)(A), Vernon's Ann.Civ.St., Ann Corsi, at the time of divorce, became the assignee or purchaser of the interest claimed by Manuel Corsi; therefore, he is not entitled to recover. If Mrs. Corsi had any interest in the partnership because of § 28–B(1)(A), supra, she contracted that interest away by entering into the property settlement agreement giving her a $35,000.00 judgment against Mr. Corsi for money advanced out of her separate property. We so hold.

■ In summary, regarding appellants' points nineteen and twenty, we find from the record that the partnership has been dissolved. But its life has not terminated

because it remains in the winding up stage of its existence. See § 29 and § 30, Texas Uniform Partnership Act, supra. Pursuant to the winding up of the partnership affairs, the trial court appointed an accountant to bring the capital account of the partnership up to date.

■ Based on the report of the accountant, his testimony at the trial, and other evidence, the court rendered a judgment holding, among other things, that Corsi invested capital totaling $61,876.00: that each of the partner-defendants invested capital of $2,400.00; that Corsi was entitled to $7,000.00 as reasonable compensation for his services; that he had withdrawn $4,873.95 from the partnership; and that he was entitled, therefore, to judgment against each of the defendants for $12,320.41. The trial court apparently calculated the amount owing to Corsi as follows:

| | |
|---|---:|
| Corsi's capital contribution | $61,876.00 |
| Corsi's withdrawal | −4,873.95 |
| Corsi's net capital contribution | 57,002.05 |
| Salary due Corsi | +7,000.00 |
| Total due Corsi (capital plus unpaid salary) | 64,002.05 |
| Defendants' capital contribution (4 × $2,400.00) | +9,600.00 |
| Total capital contribution of all partners plus salary due Corsi | $73,602.05 |

If the $73,602.05 is divided by 5 (there being 5 partners), the result is $14,720.41. The subtraction of $2,400.00 (the capital contribution of each defendant) from $14,720.41 leaves $12,320.41, the amount adjudged against each of the four defendants. We hold that the evidence sustains these results. Appellants' points nineteen and twenty are overruled.

■ In another point of error (27), the appellants assert error by the trial court in reaching its first conclusion of law (I) be-

cause this conclusion is not supported by the evidence nor the court's findings of fact, and this conclusion is against the law and in conflict with the final judgment. We believe that the unattacked findings I and II support this challenged conclusion. These findings show: (I) that there was a general partnership; and (II) that the five partners were to share equally in all losses and profits. The criticized conclusion follows:

"The respective partners in this case are entitled to be repaid contributions, whether by way of capital or advances to the partnership, and share equally in the profits after all liabilities, including those to partners, are satisfied; and must contribute toward the losses, whether capital or otherwise, sustained by the partnership according to his interest therein."

Moreover, this conclusion is almost a verbatim quotation of § 18(1)(a) of the Texas Uniform Partnership Act, supra. In that Act, § 18(1) provides that § 18(1)(a) determines, subject to agreement between the partners, the rights and duties of the partners in relation to the partnership. We note that the appellants have not even alleged the existence of any agreement contrary to the rules of 18(1)(a). We overrule appellants' point twenty-seven.

In their final point of error (28), the appellants claim error by the trial court's action in making and entering its judgment for the reason "that said Judgment is contrary to the applicable law, and in conflict with the evidence in this case." This point of error is too general to be considered on appeal; it does not comply with the rules requiring that points of error direct the attention of the appellate court to the error relied on. Rule 418(b), T.R.C.P.: McWilliams v. Muse, 157 Tex. 109, 300 S.W.2d 643 (1957); Pleasant Grove Builders, Inc. v. Phillips, 355 S.W. 2d 818 (Tex.Civ.App.—Dallas 1962, n.r.e.). See Knapp, The Appellant's Brief, Appellate Procedure in Texas § 12.4(3) (1964). Even if we did not consider this point to be too general, we would overrule it based on our discussions and reasons set out by us in overruling the twenty-seven prior points of error. We overrule appellants' point twenty-eight.

The judgment of the trial court is affirmed.