See also, 236 F.2d 138.

**UNITED STATES of America for the use and benefit of CALDWELL FOUNDRY AND MACHINE COMPANY, Inc., Appellant,**

v.

**TEXAS CONSTRUCTION COMPANY and United States Fidelity and Guaranty Company, Appellees.**

**No. 15166.**

United States Court of Appeals
Fifth Circuit.

Dec. 23, 1955.

Hawkins Golden, Dallas, Tex., Wm. Burrow, Dallas, Tex., W. Bruce White, Birmingham, Ala., for appellant.

Donald G. Gay, Dallas, Tex., for appellees.

Before HOLMES and RIVES, Circuit Judges, and THOMAS, District Judge.

RIVES, Circuit Judge.

■ The judgment having been reversed and the cause remanded with directions to enter judgment for the appellant, plaintiff below, see 5 Cir., 224 F. 2d 289, and certiorari having been denied by the Supreme Court on November 14, 1955, 350 U.S. 895, 76 S.Ct. 154, appellant now moves this Court that the mandate be made specific to enter judgment in the sum of $33,309.61 plus interest at 6% per annum from October 3, 1952, plus 10% of the whole for attorney's fees; and further moves the Court for allowance of additional attorney's fees on appeal in the amount of $6,000.00 for legal services rendered in this Court and in the Supreme Court, citing as a precedent for such allowance American Crystal Sugar Co. v. Mandeville Highland Farms, Inc., 9 Cir., 195 F.2d 622. Appellees oppose said motion in each of its aspects. They insist that appellant is not entitled to attorney's fees under Article 2226, Revised Civil Statutes of Texas, Vernon's Ann.Civ.St. art. 2226,[1] because appellees insist that the word "person", as it first appears in said statute, does not include a corporation such as appellant in this case. In speaking of this same statute, the United States Supreme Court has said:

"It is insisted that the benefits of the act are conferred upon natural persons only; but this we cannot concede, in the absence of a decision by the courts of the state, giving to it a construction thus limited." Missouri, Kansas & Texas Ry. v. Cade, 233 U.S. 642, 650, 34 S.Ct. 678, 681, 58 L.Ed. 1135.

So far as we are advised, there has been no contrary decision by the Texas courts.

■ Appellees further call attention that, in the case of Davenport v. Harry Payne Motors, Inc., Tex.Civ.App., 256 S.W.2d 245, 247, it was held that a disc plow and a disc harrow are not "material furnished" within the meaning of Article 2226 of the Revised Civil Statutes of Texas, footnote, 1 supra. The plow and harrow were, of course, only tools and implements used to plow and cultivate the farm, and the reason for the holding was that they did not enter into any structure and were not consumed. On the other hand, the hoisting machinery here involved was actually installed and became a part of the Lavon Dam. Under the rationale of that case, we think that this hoisting machinery is "material furnished".

■ Appellees do not raise the question, as well they might, of whether the Miller Act, 40 U.S.C.A. §§ 270a–270d, permits the imposition of attorney's fees

---

1. "Art. 2226. 2178–9 Attorney's fees
  "Any person having a valid claim against a person or corporation for personal services rendered, labor done, material furnished, overcharges on freight or express, lost or damaged freight or express, or stock killed or injured, or suits founded upon a sworn account or accounts, may present the same to such person or corporation or to any duly au-thorized agent thereof; and if, at the expiration of thirty (30) days thereafter, the claim has not been paid or satisfied, and he should finally obtain judgment for any amount thereof as presented for payment to such person or corporation, he may also recover, in addition to his claim and costs, a reasonable amount as attorney's fees, if represented by an attorney."

upon the sureties in payment bonds. Having ourselves raised up that straw man, we knock it down with the observation that, in suits under the Miller Act, the recovery of interest, costs, and attorney's fees is governed by the state law. See Illinois Surety Co. v. John Davis Co., 244 U.S. 376, 381, 37 S.Ct. 614, 61 L.Ed. 1206. The allowance of attorney's fees under such a bond was fully considered and discussed in United States for Use and Benefit of Brady's Floor Covering v. Breeden, D.C.Alaska, 110 F. Supp. 713, 715, and United States for Use and Benefit of Magnolia Petroleum Co. v. H. R. Henderson & Co., D.C.W.D. Ark., 126 F.Supp. 626, 637; see also, authorities collected in last cited case. Clearly, the judgment should include interest at the rate fixed by Texas law, accruing after notice to the surety of default of the principal. See United States v. U. S. Fidelity & Guaranty Co., 236 U.S. 512, 35 S.Ct. 298, 59 L.Ed. 696; Illinois Surety Co. v. John Davis Co., supra; R. P. Farnsworth Co. v. Electrical Supply Co., 5 Cir., 112 F.2d 150, 130 A.L.R. 192, rehearing denied 5 Cir., 113 F.2d 111, 130 A.L.R. 197. We think that it should include also a reasonable amount as attorney's fees.

██ The record shows the stipulation of counsel to the effect that appellant's attorney would testify that 10% was a reasonable attorney's fee. Such opinion evidence, even though uncontradicted, is not binding and conclusive on the trial court. Head v. Hargrove, 105 U.S. 45, 26 L.Ed. 1028; 5 Am.Jur., Attorneys at Law, § 192. What constitutes a reasonable attorney's fee should be determined in the first instance by the district court. That holds true, we think, also as to attorney's fees for services rendered on appeal in this Court and in connection with the petition for certiorari in the Supreme Court. See Henderson v. Avondale Marine Ways, 5 Cir., 205 F. 2d 518. The directions in the mandate will be to enter judgment for the appellant, plaintiff below, in accordance with the opinions of this Court, including the present opinion. In other respects, the motion of appellant is denied.

