Curtis FIELDS, Appellant,

v.

Lloyd STAPLER, Appellee.

No. 3239.

Court of Civil Appeals of Texas.
Eastland.

June 22, 1956.

Rehearing Denied July 13, 1956.

James J. Collins, Dallas, for appellant.

Gerald L. Johnson, Dallas, for appellee.

COLLINGS, Justice.

This case was instituted in the Justice Court, Precinct No. 1, of Dallas County. Lloyd Stapler, who was doing business as Lloyd Stapler Plumbing Company, sued Curtis Fields upon an itemized, verified account in the sum of $117.90, plus $35 attorneys' fees. Fields filed a special exception in writing urging that the plaintiff's claim was based upon a contract for an unliquidated amount covering labor and material furnished and not for a liquidated amount as claimed by plaintiff. Fields also filed a sworn denial of the verified account. Default judgment for the amount of the account and attorneys' fees was entered against Fields in the justice court and he perfected his appeal to the county court.

When the case came to trial in the county court Fields again urged the special exception filed by him in the justice court. Stapler filed a written pleading designated as his first amended original petition in which he alleged a contract between the parties whereby he had agreed to furnish labor and material for the construction of a sewer outlet for a described house and that Fields had agreed to pay therefor; that he, Stapler, performed the contract, furnishing the labor and material set out in itemized exhibits attached to his amend-

ed petition in the amount of $117.90 and that Fields thereby became obligated to pay such amount but wholly failed and refused to do so. The itemized exhibits attached to the amended petition were substantially the same as shown in the verified account filed in the justice court. Stapler asked judgment in the county court for the amount of the account, plus $75 attorneys' fees.

In reply to plaintiff's first amended petition in the county court Fields, among other pleadings, filed an exception urging that Stapler had changed his cause of action from a suit on a sworn account in the justice court to a suit on contract seeking a recovery for a breach thereof and to recover on a quantum meruit basis for the labor and material furnished. The defendant's exceptions to Stapler's pleadings were overruled and the case proceeded to trial before a jury. The jury answered special issues favorably to Stapler and judgment was entered in the county court against Fields for $117.90 and for $35.00 attorneys' fees. Fields has appealed.

The essence of the contention made by appellant Fields is that Stapler filed suit and obtained judgment in the justice court on a verified account; that after the case had been appealed to the county court Stapler by his amended pleading alleged an entirely different cause of action, namely, "a suit based upon a contract requesting recovery on the quantum meruit basis," and upon such amended pleading secured judgment in the county court. Appellant urges that it was contrary to Rule 590, Texas Rules of Civil Procedure, for Stapler to change his ground of recovery or cause of action from that pursued by him in the justice court. Rule 590 provides as follows:

"Either party may plead any new matter in the county or district court which was not presented in the court below, but no new ground of recovery shall be set up by the plaintiff, nor shall any set-off or counter-claim be set up by the defendant which was not pleaded in the court below. The pleading thereof shall be in writing and filed in the cause before the parties have announced ready for trial."

Where a case has been appealed from the justice court to the county court, Rule 590 specifically provides that either party may plead any new matter not presented in the lower court, although no new ground of recovery may be plead. Vaughan Lumber Co. v. Bybee & Wood, Tex.Civ. App., 191 S.W. 827. We cannot agree with appellant's contention that Stapler's amended pleading in the county court set up a new ground of recovery as contemplated and prohibited by Rule 590. Stapler's suit in the justice court upon a verified account contemplated an express or implied agreement by Fields to pay for the material and labor claimed to have been furnished. Rule 185, Texas Rules Civil Procedure; McCamant v. Batsell, 59 Tex. 363, 367; Dodson v. Kemper Military School, Tex.Civ.App., 42 S.W.2d 288, 290. Stapler's amended pleading in the county court also sought to recover upon a contract. It is not material whether the amended pleading described a contract capable of being made the basis of a verified account as contemplated by Rule 185. Rule 185 is a rule of evidence making sworn accounts prima facie evidence of indebtedness, unless denied under oath, and does not establish a distinct or different cause of action or ground of recovery. In both the justice court and the county court the pleadings of appellee Stapler presented a case founded upon contract covering the identical labor and material. Any technical distinction between contracts, or accounts or verified accounts based upon contract is immaterial. Houston & T. C. Ry. Co. v. Southern Architectural Cement Stone Co., Tex.Com.App., 112 Tex. 139, 245 S.W. 644.

The judgment of the trial court is affirmed.