PAUL L. MEADERS, JR., INDEPENDENT EXECUTOR OF THE
ESTATE OF PAUL L. MEADERS, SR., DECEASED, ET AL
v. ERNEST J. BISKAMP.

No. A-6707. Decided July 9, 1958.
Rehearing Overruled October 1, 1958.
(316 S.W. 2d Series 75)

*George C. Clifton,* of San Antonio, for petitioners.

The Court of Civil Appeals erred in holding that respondent, Biskamp, is entitled to recover attorney's fees in this cause under the provisions of Article 2226 of the Revised Civil Statutes of Texas. Perry v. Leuttich, 132 Texas 159, 121 S.W. 2d 332; Davenport v. Harry Payne Motors, 256 S.W. 2d 245; Miller v. Watson, 257 S.W. 2d 839.

*Cox, Patterson & Smith,* of San Antonio, for respondent.

In response cited DeBusk v. Quest, 290 S.W. 2d 569, writ of error dismissed; McCollum v. Nowell, 275 S.W. 2d 866; Fields v. Staples, 292 S.W. 2d 862.

MR. JUSTICE GRIFFIN delivered the opinion of the Court.

This is a suit by the respondent, Biskamp, against the petitioners who are the heirs and legal representatives of Paul L. Meaders, Sr., deceased, and against Mrs. Vivian O'Connor. Biskamp alleged that he and Paul L. Meaders, Sr. entered into a contract whereby Biskamp sold to Meaders five oil and gas leases on land in Karnes County, Texas. Biskamp was to drill one well on one of these leases to a certain depth. For the leases and the drilling of the well, Meaders was to pay the sum of $25,000. An escrow contract embodying the agreement between the parties was prepared and properly signed by all parties and deposited with the Alamo National Bank of San Antonio, Texas, the designated escrow holder. The agreement provided that Biskamp would execute the assignments of the five oil and gas leases to Meaders, and Meaders would pay the $25,000 purchase price to the Bank, as escrow holder. Upon completion of the drilling of the well, the Bank would deliver the money to Biskamp and the assignments of the leases to Meaders. Instead of depositing the $25,000 in cash, Meaders deposited the personal check of Mrs. Mary Vivian O'Connor for $25,000 and payable to the Bank. When the well came in as a dry hole Mrs. O'Connor stopped payment on her check. This lawsuit resulted. Biskamp settled with Mrs. O'Connor for $22,500, and she was dismissed from the suit. During the pendency of the suit Paul L. Meaders, Sr. died and his heirs and legal representatives were substituted as defendants. The defendants answered and claimed the plaintiff had accepted Mrs. O'Connor's check in lieu of the cash called for by the contract, and that accordingly Meaders was released from any further liability. On trial before a jury the jury answered that Biskamp had accepted the check for

$25,000 as the purchase money to be paid under the contract. Judgment of the trial court was adverse to plaintiff, Biskamp. He appealed to the Court of Civil Appeals where the judgment by the trial court was reversed and rendered that plaintiff recover the sum of $2,500 balance due on the purchase price, together with $5,000 as a reasonable attorney's fees, 308 S.W. 2d 898.

■ Defendants, Meaders et al, assign error to the judgment of the Court of Civil Appeals in that it erred in holding there was no evidence to support the jury's answer that Biskamp had accepted the check of Mrs. O'Connor as payment of the purchase price. The evidence consisted of Biskamp's testimony as to what was meant by a certain letter transmitting the escrow contract and its attached papers to the Alamo National Bank. The letter of transmittal was as follows:

"August 24, 1954

Alamo National Bank
San Antonio, Texas
Gentlemen:

I hand you herewith contract, leases, and check in the sum of Twenty Five Thousand Dollars ($25,000.00), which check to be held by you and not cashed for a period of ten (10) days from its date. Otherwise, this check is to be held in escrow under the terms of contract herewith tendered you.

Yours truly,
(signed) Paul Meaders

The above mentioned check is dated August 24, 1954, being Check No. B-10184 payable to Alamo National Bank in the sum of $25,000.00 drawn on Victoria Bank and Trust Co., Victoria, Texas by and signed by Mary Vivian O'Connor.

Ernest J. Biskamp          OK
    (Printed)              EJB"

There are no allegations of fraud, accident or mistake made by any of the parties. We do not find it necessary to decide whether or not the letter was admissible in evidence. Granting for the sake of this cause that the letter was admissible in evidence, we find no language therein which can be construed as an agreement on the part of Biskamp to accept the $25,000 check given by Mrs. O'Connor in lieu of the purchase price. The letter

is plain and unambiguous; therefore, Biskamp's testimony as to what the letter meant was not admissible.

■ It is the general rule of law that where the creditor accepts the check of another in payment of debtor's obligation, such check amounts only to conditional payment of the obligation. Upon the check being dishonored by non-payment, the original debt still remains. Of course, the parties can agree that the check will be substituted for the obligation to pay and such agreement supported by a valid consideration will be given effect. 32 Texas Jur. 648, 650, Secs. 11 and 21, *Payment;* State v. Tyler County State Bank, Comm. App., 277 S.W. 625, 42 A.L.R. 1347, rehearing denied 282 S.W. 211, 45 A.L.R. 1483; 40 Am. Jur. 766, Sec. 76, *Payment.* It is held that a check given by debtor is not payment of debt in the absence of agreement between the parties. Middlekauff v. State Banking Board, 111 Texas 561, 242 S.W. 442; Muldrow v. Texas Frozen Foods, Inc., 157 Texas 39, 299 S.W. 2d 275 (1957). We overrule petitioners' Points 2, 3 and 4.

■ By petitioners' Point 1 error is assigned to the judgment of the Court of Civil Appeals against him for $5,000 attorney's fees. We sustain this assignment of error. Article 2226, Vernon's Annotated Texas Civil Statutes, provides in part, "any person having a valid claim against a person or corporation for personal services rendered * * * or suits founding upon a sworn account or accounts * * * may also recover, in addition to his claim and costs, a reasonable amount as attorney's fees, if represented by an attorney.* * * " Respondent contends that the above language of Article 2226 means that an attorney's fees is recoverable if suit is upon a sworn account as defined by Rule 185, Texas Rules of Civil Procedure. This rule is not a rule of substantive law but is a rule of procedure with regard to evidence necessary to establish a prima facie right of recovery or defense, and is not the basis for any cause or causes of action. Miller v. L. Wolff Mfg. Co. of Texas, Texas Civ. App., 1920, 225 S.W. 212, 214, no writ history; Macaw v. Pecos Valley Alfalfa Land & Oil Co., Texas Civ. App., 1923, 248 S.W. 808, 810, no writ history; Magee v. Barnes, Texas Civ. App., 1940, 135 S.W. 2d 1038, 1039, no writ history; Fields v. Stapler, Texas Civ. App., 1956, 292 S.W. 2d 862; 1 Texas Jur. 337, Sec. 40. It has been held that a sworn account is defined according to its popular sense and applies only to transactions between persons, in which there is a sale upon one side and a purchase upon the other, whereby title to *personal* property passes from one to the other, and the relation of debtor and creditor is thereby created

by general course of dealing (which may include only one transaction between the parties). It does not mean transactions between parties resting upon special contract. McCamant v. Batsell, 59 Texas 363, (1883); Wroten Grain & Lumber Co. v. Mineola Box Mfg. Co., Texas Civ. App., 1906, 95 S.W. 745, no writ history; Scofield v. Lilienthal, Texas Civ. App., 1925, 268 S.W. 1047, no writ history; Watson Co., Builders v. Bleeker, Texas Civ. App., 1924, 269 S.W. 147; Glasco v. Frazer, Texas Civ. App., 1949, 225 S.W. 2d 633 (1,2).

The claim of plaintiff against defendant is a claim for the balance of the money due for a sale of real estate (oil and gas leases) and for the drilling of a well to a depth of 4,000 feet. It has been held that a contract for the drilling of an oil well is not included within the definition of a sworn account. See Taylor-Link Oil Co. v. Anderson, Texas Civ. App., 1936, 92 S.W. 2d 499 (6,7), wr. dism.; Harvey v. Crockett Drilling Co., Texas Civ. App., 1951, 242 S.W. 2d 952 (7,8), no writ history. Therefore Article 2226 authorizing the recovery of attorney's fees is not applicable, and no recovery of attorney's fees can be had in this case.

The judgment of the Court of Civil Appeals is affirmed as to the recovery by plaintiff against defendants for the sum of $2,500.00 only, and recovery is denied for any attorney's fees; and, as so reformed, the judgment is affirmed. Costs are adjudged two-thirds against Biskamp and one-third against Meaders.

Opinion delivered July 9, 1958.

Rehearing overruled October 1, 1958.