D. L. MAULDIN et al., Appellants,

v.

Edwin SULLIVAN, Appellee.

No. 4564.

Court of Civil Appeals of Texas, Eastland.

Aug. 11, 1972.

Rehearing Denied Sept. 8, 1972.

---

Richard Don Coan, Stephenville, for appellants.

Joseph A. Chandler, Stephenville, for appellee.

COLLINGS, Justice.

Edwin Sullivan brought this suit against D. L. Mauldin and H. L. Mauldin to recover for goods, wares, merchandise and services shown on an exhibit attached to plaintiff's petition, and which petition, the claim alleged therein and the exhibit attached thereto, were sworn to by the plaintiff as provided by Rule 185 of the Texas Rules of Civil Procedure. The defendants' second amended original answer, counterclaim and cross-action filed on the day of the trial contained a general denial and a sworn allegation that the matter before the court was not based upon a sworn account, but upon an alleged special contract and that there had been a failure of consideration. The counterclaim and cross-action further alleges in effect that cross-plaintiffs entered into an agreement with cross-defendant by which cross-defendant obligated himself to plant 35 acres, more or less, with coastal bermuda, to furnish the labor and sprigs, and to apply fertilizer and a weed control substance known as Simazine under the terms, conditions and instructions recommended by the manufacturer; that the cross-defendant undertook to carry out the contract, but failed to properly sprig and plant the coastal bermuda in the usual and customary manner, and failed to plant the quality and quantity of coastal sprigs necessary to obtain a stand, and failed to observe the usual and customary precautions for prevailing weather conditions, and failed to properly and timely fertilize and apply the weed control substance, Simazine, as recommended by the manufacturers. The defendants further alleged that such failures and omissions on the part of the cross-defendant caused a failure of the expected and promised bermuda stand, thereby breaching the agreements made by plaintiff and bringing about a failure of consideration. The cross-action and counterclaim filed by the defendants further alleged that the cross-defendant was guilty of negligence which was a direct and proximate cause of the cross-defendant failing to properly and in the usual and customary manner sprig the coastal bermuda, damaging the cross-plaintiffs, and setting out that the negligence complained of consisted of cross-defendant not having proper and adequate equipment, failing to apply Simazine according to instructions of the manufacturer, and failing to use the proper type of agitation device with regard to the Simazine; and in the alternative cross-plaintiffs alleged that the cross-defendant represented to cross-plaintiffs that the coastal bermuda would be free of weeds, grass burs and other seed plants, which promises did not materialize.

After the close of the testimony, Edwin Sullivan made a motion for an instructed verdict on the ground that there was no proper sworn denial of his suit and claim which he had proved by his exhibit and affidavit attached thereto in compliance with Rule 185, and that he had proven the delivery of the merchandise and the performance of the services in addition to this prima facie proof by the testimony of his witnesses; that the affidavit filed by the defendants was not sufficient to put in issue or to meet the prima facie case of the plaintiff because it did not overcome the proof arising from Rule 185, and that there was no other evidence which controverted the sale, delivery, and performance of the services; that the evidence of the defendants did not raise a fact issue to establish any other contract between Sullivan and the Mauldins other than that for the sale and delivery of the merchandise and the performance of the services, and that there was no testimony that Sullivan failed to perform any agreement he had made. This motion was overruled by the court. Defendants and cross-plaintiffs also made a motion for an instructed verdict which was overruled by the court.

In answer to special issues submitted the jury found: (1) that Edwin Sullivan did not fail to apply the "Simazine" on the land in question as recommended by the manufacturer, (2) that the injuries and damages complained of by the Mauldins were the results of facts and circumstances beyond the control of Edwin Sullivan, and (3) that the injuries and damages complained of by the Mauldins were the result of their failure to exercise management of the 35 acres in question.

Evidence was offered by plaintiff and cross-defendant, Sullivan, and by practicing attorneys of Stephenville of a number of years experience on the reasonableness of the attorney's fee sued for.

Based upon the motion filed by Edwin Sullivan, judgment was rendered on December 9, 1971, granting the relief prayed for by him in his petition.

The record shows that appellee Sullivan entered upon the property of the appellants with his machinery and employees, supplied the coastal bermuda sprigs and attempted to sprig the 35 acres of land; that approximately three weeks to thirty days after the sprigging operation, he fertilized the acreage and applied a weed killing substance known as Simazine, all of which was done with his machinery and employees, and under his supervision.

Appellee Sullivan applied to the A.S.C.S. office in Erath County for partial payment on the contract and received a payment from that office in the sum of $122.50. Thereafter, he requested an additional payment of $793.00 from the appellants. Appellants refused to pay such additional price, asserting that there was no weed control on their 35 acres of land and that an established stand of coastal bermuda was never obtained.

In appellants', D. L. Mauldin and H. L. Mauldin, first point, it is contended that the court erred in that, from the outset, it treated the case as being on a sworn account rather than on a special contract; that it is obvious from the very face of the account which was alleged to be a sworn account filed by appellee, that it covered matters relating to a special contract, that is, covering special coastal bermuda sprigs, planting of same, fertilizing of same, the weed control of same with a weed control substance known as "Simazine", and the labor and machinery necessary for applying same. Appellants assert that it is obvious that from the outset the court considered the matter to be based upon a sworn account sustaining appellee's special exceptions concerning accepted benefits, and by allowing appellee to submit into evidence the alleged sworn account without any predicate being allowed for same, or even having it identified by a witness; that all of this was over the objections of appellants.

Appellee Sullivan contends that his petition is plainly one for the furnishing of goods, wares, merchandise and services;

that the testimony of appellee supports in full these items as set out in the exhibit attached to his petition. Appellee contends that Rule 185 of the Texas Rules of Civil Procedure governs and that such rule asserts an open account to be: "an open account or other claim for goods, wares and merchandise, including any claim for a liquidated money demand based upon written contract or founded on business dealings between the parties, or is for personal service[s] rendered, or labor done or labor or materials furnished, on which a systematic record has been kept". Appellee contends that the items sued upon in this case are specific and are five in number, and when taken together constitute an account as well as a claim defined in Rule 185.

Appellants contend, of course, that this suit concerns a special contract and that it cannot be converted into a sworn account. Appellants cite the language of our Supreme Court in Meaders v. Biskamp, 159 Tex. 79, 316 S.W.2d 75 (1958) as follows:

"It has been held that a sworn account is defined according to its popular sense and applies only to transactions between persons, in which there is a sale upon one side and a purchase upon the other, whereby title to personal property passes from one to the other, and the relation of debtor and creditor is thereby created by general course of dealing (which may include only one transaction between the parties). It does not mean transactions between parties resting upon special contract."

■ Appellants assert that the claim by appellee was one for supplying coastal bermuda sprigs which he harvested himself specifically for this contract, the planting or sprigging of same with a machine which he had recently purchased, and which was operated by hired labor. Appellee Sullivan asserts that the application of fertilizer and weed control called "Simazine" with

his equipment and by his employees was under his supervision. Appellants contend that such evidence and testimony clearly establishes an agreement between the parties which amounted to a special contract. We agree with appellants' contention.

In appellants' second point it is contended that the court erred by awarding attorney's fees in the judgment entered by the court, in that the pleadings and evidence established a special contract, and appellee is not entitled to recover attorney's fees under Rule 185, T.R.C.P. or Vernon's Annotated Civil Statutes, Article 2226, or otherwise.

■ Article 2226 authorizes recovery of attorney's fees by "any person having a valid claim against a person or corporation for personal services rendered, labor done, material furnished, overcharges on freight or express, lost or damaged freight or express, or stock killed or injured, or suits founded upon a sworn account or accounts, . . . ." The claim of appellee Sullivan herein does not come within the provisions of Article 2226. The evidence in this case reflects that the personal services rendered, labor done, and material furnished by appellee Sullivan were furnished and used by appellee in the performance of his contract. Appellee's claim for an account is not one "in which there is a sale upon one side and a purchase upon the other, whereby title to personal property passes from one to the other". Meaders v. Biskamp, supra. The claim of appellee is not the type of claim to which article 2226 refers to in describing the claims for which attorney's fees are allowed. Tenneco Oil Co. v. Padre Drilling Co., 453 S.W.2d 814 (Tex. Sup.1970). Appellants' second point is granted.

For the reasons stated the judgment is reversed and the cause is remanded for a new trial with instructions that appellee is not entitled to attorney's fees.