Harold **TAYLOR**, Appellant,

v.

Frank A. **ROBERSON**, D. D. S., Appellee.

No. 17446.

Court of Civil Appeals of Texas,
Fort Worth.

Oct. 26, 1973.

Law Offices of Max E. Clark by Max E. Clark, Fort Worth, for appellant.

Curry & Curry, and A. F. Curry, III, Fort Worth, for appellee.

## OPINION

MASSEY, Chief Justice.

A dentist, Frank Roberson, brought suit against Harold Taylor, his former patient, for the balance owing for dental services to defendant and his wife. Upon a trial before the court without a jury the plaintiff obtained a judgment for the amount found to be due and owing and for attorney's fees incident to their recovery by suit. The defendant appealed.

We affirm.

The form of pleadings by which issues were joined was that of "sworn ac-

count". Upon trial the substance of the evidence obviously converted the case to one wherein the plaintiff sought recovery against the defendant under contract. Since the trial was before the court, and since the state of the evidence makes it clear that existent issues under that theory of liability were tried by the parties' implied consent this court is obliged to treat the issues as having been raised in the pleadings. Texas Rules of Civil Procedure 67, "Amendments to Conform to Issues Tried Without Objection." Indeed, at one point during the trial the evidence seemed to tend to demonstrate a right of recovery under the theory of *quantum meruit* and there was objection thereto which was sustained because of an absence of pleadings which would support recovery on that ground. But there was no objection to the evidence introduced tending to show right of recovery under the contract theory; in consequence of which the trial court was obliged to treat such evidence as presenting issues raised by the pleadings.

The record on appeal is comprised of transcript, which includes the trial court's Findings of Fact and Conclusions of Law, and a complete Statement of Facts.

One fact finding by the trial court was that "Plaintiff complied entirely with the contract having to do with the dental work to be done for defendant."

The evidence conclusively establishes that plaintiff had not, in fact, complied entirely. He had not crowned six lower teeth of the defendant as contracted. Plaintiff had credited defendant's account record with $900.00 because of such "work not done" prior to suit.

By his first point of error defendant claims error in the court's finding of "entire" compliance. By this there was error. However, by reason of additional undisputed fact, that error in the court's finding became harmless. Such additional undisputed fact, apparent from the State-

ment of Facts, was that it was because of the defendant's own breach that plaintiff had failed to crown six lower teeth of the defendant and to complete the contract.

Defendant's breach lay in his wrongful prevention of completion by plaintiff. On or about July 6, 1972 plaintiff received a payment on the account which he deemed insufficient. He credited the account and telephoned defendant and thanked him for the check but insisted that the payment should have been in greater amount. An argument ensued. Thereafter the defendant refused, or in any event failed, to go back to plaintiff's office for any further performance by plaintiff.

Necessarily did plaintiff's ability to make complete performance of the contract depend upon defendant presenting himself at plaintiff's dental office. By failing to do this it was the defendant who prevented plaintiff from contract completion. In such a case plaintiff is entitled to recover on the contract despite the fact that his performance was partial. 13 Tex. Jur.2d, p. 552, "Contracts", Sec. 303, "Recovery for partial performance." Of the cases noted under the section mentioned is a recent one: Trahan v. Federal Sign Company of Texas, 412 S.W.2d 814 (Houston, Tex. Civ.App., 1967, no writ history). The opinion in that case additionally stands for the principle that the law imposes liability for the full contract price less any lawful credits or offsets to which the party sued might be entitled; the establishment of credit or offset being the burden of the party sued.

In the instant case the plaintiff had credited defendant's account with $900.00. This he was not obliged to do. By so doing, however, defendant was relieved of any duty of discharging a burden of proof to show an entitlement to credit and offset to the extent of $900.00. Neither by pleading nor proof did defendant seek additional credit or offset.

On the other points of error we will make comment that there was evidence supporting the court's fact finding of plaintiff's substantial performance of the work contracted to be performed for the wife of the defendant; that proof relative to reasonableness of the fee charged and necessity of the work, etc. became immaterial upon the agreed trial of the case on a contract theory; and that it was within the authority of the court to either disbelieve that plaintiff's using a laboratory in California for the preparation of caps for defendant's teeth was of the essence of the parties' contract, or to conclude from the evidence that defendant has consented to or ratified plaintiff's use of a different laboratory to supply the caps.

A final point of error presents a complaint of the allowance of any amount as attorney's fees under Vernon's Ann. Tex.Civ.St. 2226, "Attorney's fees (for labor done and material furnished, etc.)."

This court, largely guided by the authoritative holding in Tenneco Oil Company v. Padre Drilling Company, 453 S.W.2d 814 (Tex.Sup., 1970) recently had occasion to examine the propriety of the allowance of attorney's fees in a case of analogy. Jackson v. Paulsel Lumber Company, 461 S.W. 2d 161 (Fort Worth, Tex.Civ.App., 1970, writ ref., n. r. e.). Our conclusion there, as here, was that allowance of such fees was proper.

Although in Jackson v. Paulsel Lumber Company the plaintiff's consideration was material rather than labor, what was written in our opinion would have full application to the instant case where the plaintiff's consideration was labor, or labor and material. We take occasion to quote therefrom several enlightening paragraphs, viz:

"That statute (Art. 2226) provides in substance that: (1) if plaintiff has a claim for materials furnished, and (2) if he presents the claim to defendant, and defendant thereafter lets 30 days go by without paying such claim, and (3) if plaintiff then employs an attorney and sues such defendant, and (4) if the plaintiff in such suit obtains a judgment for a part or all of such claim, he can also in such suit recover from defendant a reasonable attorney's fee.

"   .   .   .

"Their (the appellants') *contention* is that even though the suit is to recover the sale price of the building materials furnished by plaintiff and even though all the requirements of Art. 2226 have been met, the *plaintiff still cannot recover an attorney's fee in the case because it happens to be either a suit for breach of contract or a suit on a special contract.*

"We overrule this contention. Article 2226 makes no such provision as that contended for by appellants. It is difficult to visualize a situation where one person would have furnished building materials to another under circumstances where the one receiving such materials would be expected to pay for them without a contract being involved. In each such instance where the purchaser failed to pay for the materials furnished and the seller sued him for the sale price, such suit would be one for breach of contract.

"If it were the law, as contended by appellants, that in instances wherein a suit for the sale price of materials furnished was founded on a breach of contract, that an attorney's fee could not be recovered under Art. 2226, then such statute would be nullified. All such suits for materials furnished that we can think of are breach of contract suits and are suits on special contracts.

"We hold that the questions of whether or not a suit for materials furnished is based on a breach of contract and whether or not such suit is one brought to recover on a special contract are wholly immaterial in determining if an attorney's fee is recoverable under Art. 2226 in a case

brought to recover for the sale price of materials furnished.

"If the plaintiff establishes the four factors set out in Art. 2226 that are enumerated above in instances where the suit is brought to recover the sales price for materials furnished, he is then entitled to the recovery of an attorney's fee under that statute, without regard to whether the suit is for breach of contract or a suit on a special contract.

" . . .

"We are convinced that the law in Texas is that the only type of case where the question of whether the action is one for breach of contract *or* a suit on a special contract has any materiality at all is in cases where the problem before the court is to decide whether attorney's fees can be recovered in the particular action on the theory that it is a sworn account action within the meaning of Art. 2226. See Meaders v. Biskamp, supra [159 Tex. 79, 316 S.W.2d 75].

"*If the suit fits into any of the other categories mentioned in Art. 2226, other than the sworn account actions,* then the fact that the suit also happens to be based on a breach of contract or be a suit on a special contract is wholly immaterial. Such fact, in those instances, does not affect plaintiff's right to recover an attorney's fee as long as the other elements of the statute are present."

The judgment is affirmed.