**SECURITY & COMMUNICATIONS SYSTEMS, INC., d/b/a Echo Security Systems, Appellant,**

v.

**Eddie C. HOOPER, Appellee.**

No. 19638.

Court of Civil Appeals of Texas, Dallas.

Dec. 6, 1978.

Rehearing Denied Jan. 4, 1979.

Herbert S. Bonney, Jr., Samuel R. Bonney, Bonney, Wade & Stripling, Dallas, for appellant.

Clayton E. Devin, Ray, Anderson, Shields, Trotti & Hemphill, Dallas, for appellee.

Before GUITTARD, C. J., and AKIN and ROBERTSON, JJ.

ROBERTSON, Justice.

This is a sales commission case. Appellee, Eddie Hooper, sued appellant, Security & Communications Systems, Inc., d/b/a Echo Security Systems, for sales commissions due on three contracts with the Texas National Guard for the sale and installation of intrusion detection equipment. Hooper was employed as the branch manager of the Dallas branch of Echo Security Systems, and pursuant to his employment contract, he was paid a salary, plus commission, computed under a formula that Echo had established.[1] Trial was to a jury on special issues. Judgment was rendered for Hooper on the basis of the jury's answers to these issues. Echo appeals, complaining of error with regard to the special issues, the evidence, and the award of attorney's fees. We affirm.

Echo first complains of the submission of Special Issue No. 1 which asks: "Was Mr. Hooper, plaintiff, the procuring cause of the defendant's making the sales in question?" Echo objected to the submission of this issue on these grounds: "These defendants object and except to Question No. 1 for the reason that it asks if Mr. Hooper, the plaintiff, was the procuring cause of the defendant's making the sale in question, and we submit that the proper question to ask is: Was Mr. Hooper, the plaintiff, the procuring cause of the defendant being given an offer to bid on the contract in question?" In its brief, Echo contends that the issue is misleading. We disagree. The trial court correctly overruled Echo's objection and declined to submit Echo's proposed issue because the issue submitted was the ultimate fact issue upon which the court could render judgment. Tex.R.Civ.P. 277 and 279 state that special issues must be

---

1. Echo's commission agreement contains these elements: (1) sales manual cost of equipment and/or materials multiplied by two; (2) add 5% of (1) for sales tax, if applicable; (3) add 10% sales manual cost of equipment and/or materials as computed in (1) for commission; (4) add total labor hours at $10 an hour; (5) add a minimum of $10 to all contracts to cover wire, screws, clamps, etc., and (6) total sales price.

controlling issues based on the pleadings and the evidence. Hooper pleaded that he was seeking commissions on a sales contract which he obtained for appellant, and he testified as to his efforts to make this sale. We hold that the issue was proper.

■ With regard to Echo's point of error concerning the submission of Special Issue No. 2,[2] since no objection was made to it prior to its submission to the jury, Echo has waived its right to complain of this on appeal. Tex.R.Civ.P. 272, 274; *Louisiana Pacific Corp. v. Smith,* 553 S.W.2d 771, 776 (Tex.Civ.App.—Tyler 1977, no writ).

■ Echo next asserts that the trial court erred in rendering judgment for Hooper because there was no evidence, or alternatively insufficient evidence to show that the verdict was supported by the evidence. Echo also complains that the court erred in failing to grant its motion for judgment notwithstanding the verdict. We disagree with all three points. In considering the no-evidence point, we must view the evidence in the light most favorable to the jury's findings and disregard all evidence to the contrary. If there is any evidence of probative force to support the jury's findings, we are bound by these findings. *Cartwright v. Canode,* 106 Tex. 502, 171 S.W. 696 (1914). Before a motion for judgment notwithstanding the verdict may be granted, the trial court must determine that there is no evidence of probative value upon which the jury could have made the findings relied upon. *Douglass v. Panama, Inc.,* 504 S.W.2d 776 (Tex.1974). To determine if the evidence is factually insufficient to support the jury's findings, we must review all the evidence and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust. *In re King's Estate,* 150 Tex. 622, 244 S.W.2d 660 (1951); *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965).

■ We find that there is evidence sufficient to support the jury's verdict that Hooper was entitled to a commission under the formula. The record contains testimony by Echo's president, George Culler, by Hooper and by third parties pertaining to the work done, the efforts of Hooper, and the computation of the bid and the commission on the job in question. Additionally, Hooper offered two exhibits into evidence, without objection, that gave a detailed computation of the bid and commission. Although testimony and evidence were presented in rebuttal, we cannot substitute our judgment for that of the jury.

■ Echo also complains that no evidence was offered as to the "sales manual cost of equipment", a necessary element of the commission contract formula. Although this manual was not introduced, both Hooper and Echo's president, George Culler, testified that they used prices on equipment that Hooper obtained over the telephone in computing the bid on the National Guard contracts. Hooper testified that these prices were also used to compute the commission and presented an exhibit showing the computation that put these prices in the line calling for "sales manual cost of equipment." No objection was made to his testimony or to his exhibits. No other evidence was presented which would tend to show that that term means anything other than Echo's cost of goods. We hold that some evidence exists and thus, overrule this point.

■ Echo next argues that there is no evidence in the record to show that its president, George Culler, had the authority to grant commissions to Echo's employees. The lack of an agent's authority is a defensive matter that must be specifically pleaded and sworn to before it can be raised. Tex.R.Civ.P. 93(h). This Echo failed to do. As a result, Echo has waived any right to raise this defense on appeal. *Fail v. Lee,* 535 S.W.2d 203 (Tex.Civ.App.—Fort Worth 1976, no writ); *see Heusinger Hardware Co. v. Frost National Bank of San Antonio,* 364 S.W.2d 851 (Tex.Civ.App.—Eastland 1963, no writ).

---

**2.** Special Issue No. 2 states: "Find in U.S. money the balance of commissions, if any, owed by defendant to Mr. Hooper."

As to attorney's fees, Echo contends that the trial court erred in granting attorney's fees to Hooper under Tex.Rev. Civ.Stat.Ann. art. 2226 (1971).[3] This statute states that attorney's fees are recoverable in cases for services rendered. Echo admits that Hooper has met all the requirements under art. 2226, but contends that the commissions contract is a special contract to which the statute does not apply.[4] In support of this contention, Echo cites *Eisenbeck v. Buttgen,* 450 S.W.2d 696 (Tex. Civ.App.—Dallas 1970, no writ); *Toch v. Eric Schuster Corp.,* 490 S.W.2d 618 (Tex. Civ.App.—Dallas 1972, writ ref'd n. r. e.); and *G & W. Marine, Inc. v. Morris,* 471 S.W.2d 644 (Tex.Civ.App.—Beaumont 1971, no writ), for the proposition that attorney's fees are not recoverable under article 2226 in suits based upon special contracts. All three of these cases are distinguishable from the case at bar. In *Eisenbeck,* the court denied the plaintiff's claims for attorney's fees on the ground that the suit was not one for services rendered and thus, did not fall within article 2226. The court in *Toch* held that the plaintiff failed to sustain his burden of proving the amount of commissions due at the time he made demand, thus failing to satisfy one of the requirements of article 2226, but the court observed, nevertheless, that a salesman's contract providing for commissions and bonuses was a contract for services under article 2226. Plaintiff's failure to make a proper demand in *G & W Marine* was the basis for that court's denial of recovery under article 2226. Thus, these cases do not support Echo's contention. Here, Echo concedes that Hooper has fully satisfied the requirements of the statute in all other respects, and we hold that he is entitled to attorney's

fees under article 2226. *Flagg Realtors, Inc. v. Harvel,* 509 S.W.2d 885 (Tex.Civ. App.—Amarillo 1974, writ ref'd n. r. e.); *Jackson v. Paulsel Lumber Co.,* 461 S.W.2d 161 (Tex.Civ.App.—Fort Worth 1970, writ ref'd n. r. e.).

An examination of the history of article 2226 reveals no basis for the contention that attorney's fees are not recoverable in a suit on a special contract. The statute in an earlier form allowed recovery of attorney's fees in suits on "sworn accounts," and the courts defined this as an "open account."[5] *Meaders v. Biskamp,* 159 Tex. 79, 316 S.W.2d 75 (1958). Although *McCamant v. Batsell,* 59 Tex. 363 (1883) is the first case to mention "special contract," *Meaders v. Biskamp, supra,* has been the most widely misconstrued holding in this area. In that case, the plaintiff sought recovery of attorney's fees upon the sworn account provision of the statute. The court denied recovery on the basis that sworn account did not mean a transaction between parties resting on a special contract. Thus, it is clear that the term "special contract" in *Meaders* means simply a contract other than one arising from an "open account." In *Langdeau v. Bouknight,* 162 Tex. 42, 50, 344 S.W.2d 435, 441 (1961), Justice Griffin clarified *Meaders* by stating that the court did not hold that recovery of attorney's fees under any other provision of article 2226 could not rest on a contract basis. He further stated that *Meaders* only held that a recovery under the sworn account provision could not be had on a special contract. Moreover, in *Tenneco Oil Co. v. Padre Drilling Co.,* 453 S.W.2d 814, 820 (Tex.1970), Chief Justice Calvert pointed out that attorney's fees may be recovered in a suit on a contract for personal services.

3. The cause of action arose under art. 2226 prior to the 1977 amendment, which expressly allows recovery of attorney's fees in "suits founded on oral or written contracts."

4. A special contract has been defined as one with provisions or stipulations not found in an ordinary contract relating to the same subject matter and if such provisions are omitted from a contract, the law will not supply them. *Eisenbeck v. Buttgen,* 450 S.W.2d 696, 702 (Tex. Civ.App.—Dallas 1970, no writ).

5. The court in *Meaders* defined sworn account thus: An account in which there is a sale upon one side and a purchase upon the other, whereby title to personal property passes from one to the other and the relation of debtor and creditor is created by a general course of dealing. *Meaders v. Biskamp,* 159 Tex. 79, 316 S.W.2d 75 (1958).

**610**

Article 2226 contains no language that implies it is inapplicable to claims arising from a contract. To exclude "special contracts" from the statute would have the effect of nullifying the amendments that have broadened its scope to include actions other than on sworn accounts. It should be noted that the supreme court has not applied the "special contract" theory in connection with a claim for services rendered under the statute. Johnson, Article 2226 Revisited: Penetrating the Judicial Labyrinth, 40 Tex.B.J. 395, 400 (1977). *In Huff v. Fidelity Union Life Insurance Co.,* 158 Tex. 433, 312 S.W.2d 493 (1958), and *Tacker v. Phillips,* 473 S.W.2d 1 (Tex.1971), the supreme court allowed recovery of attorney's fees under article 2226 even though the claims in both cases were based on express contracts containing special provisions. The "special contract" theory has been expressly rejected in *Juarez v. Dunn,* 567 S.W.2d 223, 227 (Tex.Civ.App.—El Paso 1978, writ ref'd n. r. e.), and *Jackson v. Paulsel Lumber Co.,* 461 S.W.2d 161, 169–70 (Tex.Civ.App.—Fort Worth 1970, writ ref'd n. r. e.). We can find no sound policy reason to recognize a defense which defeats the clear intent expressed by the legislature in this statute. Accordingly, we hold that the existence of a "special contract" for providing services, labor or materials does not preclude granting attorney's fees under article 2226, and we specifically adhere to the holding in *Langdeau,* and disagree with all authority to the contrary.

Finally, by its last point of error, Echo complains that the trial court erred in rendering judgment for Hooper on a theory of quantum meruit. No such cause of action was pleaded, no issues were requested, and the judgment does not mention such a theory. Consequently, we overrule this point.

Affirmed.