**LARCON PETROLEUM, INC., Appellant,**

v.

**AUTOTRONIC SYSTEMS, INC., Appellee.**

**No. 1905.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Jan. 17, 1979.

Rehearing Denied Feb. 7, 1979.

Donald R. Sallean, Pruitt & Monshaugen, Houston, for appellant.

Hayden Burns, William A. Sherwood, Butler, Binion, Rice, Cook & Knapp, Houston, for appellee.

COULSON, Justice.

Larcon Petroleum, Inc., (Larcon), defendant below, appeals from a summary judgment on a sworn account in favor of Autotronic Systems, Inc., (Autotronic), plaintiff below. We modify and affirm.

In July of 1975 Larcon and Autotronic entered into a contract under which Autotronic agreed to sell Larcon approximately 160,000 barrels of regular gasoline at a price of $0.3950 per gallon. During the month of August, 1975, Autotronic delivered 160,002 barrels of gasoline (6,720,084 gallons) to Larcon under four separate invoices. The total costs for these 160,002 barrels was $2,654,433.18, of which $2,620,-832.76 was paid, leaving a balance of $33,-600.42.

Autotronic brought suit on the amount owing in the form of a sworn account pursuant to Rule 185, Tex.R.Civ.P. Larcon answered with a general denial. The trial judge granted Autotronic's subsequent motion for summary judgment. Autotronic was awarded the principal amount of $33,-600.42 plus interest at the rate of six (6%) percent per annum from January 1, 1976, to date of judgment, and interest on the total amount of the final judgment at the rate of nine (9%) percent per annum. Larcon appeals from that judgment.

■ Larcon's first point of error asserts that Autotronic's suit was not properly brought under Rule 185 for several reasons. The primary contention seems to be that the contract between the parties cannot properly be the basis of a suit on a sworn account because it is a "special contract." We do not agree. Rule 185 includes actions founded

. . . upon an open account or other claim for goods, wears and merchandise, *including* any claim for a liquidated money demand based upon a written contract . . . on which a systematic record has been kept . . . (emphasis added).

Larcon cites *Meaders v. Biskamp,* 159 Tex. 79, 316 S.W.2d 75 (1958), for the contention that a suit upon a "special contract" may not be brought as a sworn account under Rule 185. *Meaders v. Biskamp* does not govern the instant case. *Meaders* dealt not with a suit upon a sworn account but with the question of the recovery of attorney's fees under Article 2226, Tex.Rev.Civ. Stat.Ann. (Supp.1978) stating that recovery was denied because a "special contract" was involved. The other cases cited by Larcon likewise deal with the recovery of attorney's fees under Article 2226. Autotronic here waived its right to recover attorney's fees, therefore that issue is not involved in this case. The contract here fits squarely within the Rule 185 definition of a liquidat-

ed money demand based upon a written contract for the sale of merchandise. Therefore action upon a sworn account pursuant to Rule 185 was entirely proper. See *Guay v. Schneider, Bernet, & Hickman, Inc.*, 341 S.W.2d 461 (Tex.Civ.App.-Waco 1960) *writ ref'd n. r. e., per curiam*, 161 Tex. 560, 344 S.W.2d 429 (1961); *Hollingsworth v. Northwestern National Ins. Co.*, 522 S.W.2d 242 (Tex.Civ.App.-Texarkana 1975, no writ).

■ Larcon contends that the account does not specify with reasonable certainty the items sold for which payment is due. The cases require that a sworn account show with reasonable certainty the nature of each item, the date, and the charge therefore. *Williamsburg Nursing Home, Inc. v. Paramedics, Inc.*, 460 S.W.2d 168 (Tex.Civ.App.-Houston [1st Dist.] 1970, no writ). The account sued on by Autotronic consists of the following:

LARCON PETROLEUM

| Invoice Date | Explorer Pipeline Ticket No. | Bbls. | Bbls. x 42 Gallons | Price Per Gallon | Amount | Paid | Balance |
|---|---|---|---|---|---|---|---|
| Aug. 8, 1975 | L116 ✓ | 50,001 ✓ | 2,100,042 | $ .395 ㅠ | $ 829,516.59 | $ 819,016.38 ℓ ´ | $10,500.21 ㅡㅠ |
| Aug. 12, 1975 | L117 ✓ | 49,201 ✓ | 2,066,442 | .395 ㅠ | 816,244.59 | 805,912.38 ℓ | 10,332.21 ㅡㅠ |
| Aug. 12, 1975 | L118 ✓ | 60,000 ✓ | 2,520,000 | .395 ㅠ | 995,400.00 | 982,800.00 ℓ | 12,600.00 ㅡㅠ |
| Aug. 12, 1975 | L119 ✓ | 800 ✓ | 33,600 | .395 ㅠ | 13,272.00 | 13,104.00 ℓ | 168.00 ㅡㅠ |
| | | 160,002 | 6,720,084(A) | | $2,654,433.18 | $2,620,832.76 ℓ | $33,600.42 |
| | | x 42 | x $.395 ㅠ | | (B) | | (Z) |
| | | 6,720,084(A) | $2,654,433.18(B) | | | | |

✓   Per pipeline tickets attached to invoices. See (1) - (4)

ㅠ ´   Agrees with terms of Larcon Product Purchase Order No. 5529. See (5)

ℓ   Paid by the First City National Bank of Houston under Irrevocable Letter of Credit No. PLC-2906. See (6)

ㅡㅠ   Agrees with invoices to Larcon in accordance with Larcon Product Purchase Order No. 5529. See (1) - (4) and (5)

(Z)   Agrees with account receivable confirmation received by our auditors, Arthur Young and Company. See (7)

The account describes the products sold in terms of the number of barrels and of the number of gallons. Additionally, it refers to the Pipeline Ticket Number and references each invoice number to Larcon Product Purchase Order No. 5529, the sales contract upon which the transactions were based. The sales contract, which was attached to Autotronic's petition along with the account, specifies the product sold as "Regular Gasoline". We believe that the account therefore stated the nature of the items sold with sufficient clarity to inform Larcon of the claims against it and therefore conforms with the requirements of Rule 185.

■ Larcon's third argument under its first point of error concerns the sufficiency of the affidavit of Autotronic's Senior Vice President submitted in support of its motion for summary judgment. Larcon contends that the affidavit does not show that the affiant had personal knowledge of every statement in the summary judgment affidavit nor how the affiant learned of each fact as required by *Greater Houston Bank v. Miller & Freeman Ford, Inc.*, 540 S.W.2d 390, 392 (Tex.Civ.App.-Corpus Christi 1976) reversed on other grounds, 544 S.W.2d 925 (Tex.Sup.1976). We do not agree. Frank Weatherly, Senior Vice President of Autotronic, was the affiant. In paragraph 1 of the affidavit he states. "I have personal knowledge that facts herein stated are true and correct." In paragraph

3 he notes that the account is attached to his affidavit and states, "Said account is within my knowledge just and true; . ." Larcon contends that the phrase "within my knowledge" is tantamount to the phrase "to the best of my knowledge and belief" and is therefore not sufficient to demonstrate that the affiant has personal knowledge of the facts stated as required for a summary judgment affidavit. Rule 185 provides that a sworn account is to be supported by an affidavit "to the effect that such claim is, within the knowledge of the affiant, just and true . . ." The language of Mr. Weatherly's affidavit exactly follows the language of Rule 185 and is an affidavit made on personal knowledge as required by Rule 166–A(e) Tex.R.Civ.P. Thus his affidavit is proper summary judgment proof.

■ Even were the summary judgment affidavit defective, however, summary judgment would still have been proper based solely on the pleadings of Autotronic. Autotronic's petition was verified in accord with the provisions of Rule 185 and copies of the sales contract and the account were attached to and duly incorporated into the pleading. This court has stated that summary judgment is proper in a Rule 185 suit on a sworn account solely on the plaintiff's properly verified petition where the defendant does not file a proper sworn denial. *Wilson v. Browning Arms Co.*, 501 S.W.2d 705 (Tex.Civ.App.-Houston [14th Dist.] 1973, writ ref'd).

■ In its second point of error Larcon alleges that summary judgment was improper because there was a genuine issue of material fact regarding the occurrence of special conditions precedent to Autotronic's right to recover for the goods sold. Larcon claims that Autotronic failed to comply with Rule 54, Tex.R.Civ.P., in not pleading the performance of those special conditions and therefore its general denial was sufficient to put in issue the matter of whether they were, in fact, performed.

Rule 54 states:

In pleading the performance or occurrence of conditions precedent, it shall be sufficient to aver generally that all conditions precedent have been performed or have occurred. When such performances or occurrences have been so plead, the party so pleading same shall be required to prove only such of them as are specifically denied by the opposite party.

Autotronic's petition alleged, "Plaintiff fully performed its obligations under the contract by delivering to Defendant *upon the terms specified therein* 160,000 barrels of gasoline." (emphasis added). Under the general rule that the petition will be construed as favorably as possible for the pleader, we find that Autotronic's allegation that it had delivered the gasoline upon the terms specified in the contract is sufficient to comply with Rule 54 in averring generally that all conditions precedent have been performed. *Gulf, Colorado & Santa Fe Railway Co. v. Bliss*, 368 S.W.2d 594, 599 (Tex.Sup.1963).

■ Furthermore, Larcon waived any objection to the form or substance of Autotronic's pleadings under Rule 90, Tex.R.Civ. Pro., by failing to point out specifically such defects in writing in the trial court. Larcon's second point of error is overruled.

■ We find that Autotronic's suit fully complied with the requirements of Rule 185, Tex.R.Civ.P. Rule 185 provides that a systematic account properly verified "shall be taken as prima facie evidence thereof, unless the party resisting such claim shall . . . file a written denial under oath, stating that each and every item is not just or true, or that some specified [items] are not just and true." Larcon relied solely on its general denial at the summary judgment hearing. Under Rule 185, when the party opposing the claim fails to file a sworn denial thereof, "he shall not be permitted to deny the claim or any item therein . . ." As a result of Larcon's failure to file a sworn denial there was no issue of fact raised as to whether Larcon owed all or part of the account. Therefore, summary judgment was properly rendered in favor of Autotronic and we affirm the trial court's action. *Youngblood v. Central Soya Co.*, 522 S.W.2d 277 (Tex.Civ.App.-Fort Worth

1975, writ ref'd n. r. e.); *Solar v. Petersson*, 481 S.W.2d 212 (Tex.Civ.App.-Houston [14th Dist.] 1972, no writ).

Autotronic has filed a cross-point of error alleging that the trial court incorrectly assessed the prejudgment interest. The trial court awarded interest on the principal amount of $33,600.42 from January 1, 1976, through date of judgment at the annual rate of six percent. Autotronic first claims that interest should have been awarded from August 15, 1975 to date of judgment under article 5069–1.03, Tex.Rev. Civ.Stat.Ann. (1971). Article 5069–1.03 provides:

When no specified rate of interest is agreed upon by the parties, interest at the rate of six percent per annum shall be allowed on all written contracts ascertaining the sum payable, from and after the time when the sum is due and payable; and on all open accounts, from the first day of January after the same are made.

Apparently the trial judge awarded prejudgment interest from January 1, 1976, to date of judgment based on the provision of article 5069–1.03 relating to open accounts. However the suit here was not based upon an open account but upon an account pursuant to a written contract. Article 5069–1.-03 provides for the award of prejudgment interest "on all written contracts ascertaining the sum payable, from and after the time when the sum is payable and due;" The phrase "ascertaining the sum payable" has been interpreted in this manner

. . . (T)he words "ascertaining the sum payable" have reference to the sum or amount the party executing the obligation may be reasonably expected or required to pay, in view of all the circumstances incident to the matter or business he is contracting about, if by reason of the provision of the contract he becomes at any time liable to pay thereunder; and it is not necessary . . . that the contract shall itself establish a fixed liability in a definite amount as of a date certain. It is sufficient to come within the meaning of the statute if the contract provides the conditions upon which liability depends and fixes a measure by which the sum payable can be ascertained with reasonable certainty, in the light of the attending circumstances.

*Stahl Petroleum Co. v. Phillips Petroleum Co.*, 550 S.W.2d 360, 366 (Tex.Civ.App.-Amarillo 1977), *aff'd sub nom. Phillips Petroleum Co. v. Stahl Petroleum Co.*, 569 S.W.2d 480 (Tex.Sup.1978). The contract here clearly fixes a measure by which the sum can be ascertained. The price per gallon is specified as $0.3950. The number of gallons sold to Larcon, and therefore the total sum due from Larcon, is established by the uncontroverted sworn account. Therefore this is a proper case for the award of interest from the time such sum was due and payable.

Autotronic alleges that the date from which the interest should be awarded is August 15, 1975. The contract provides:

Payment to be made upon presentation of invoice, supported by an independent inspector's certificate as to the quantity and quality of product and further supported by a certificate from the port of discharge reflecting quantity received from Buyer's account.

The account sued upon shows that the final invoices were dated August 12, 1975. There is no evidence, however, as to when the invoices were presented, supported by the required certificates. Payment would have become due on the date of such presentation, but there is no evidence of what that date was.

We do find that payment must have become due on or before August 31, 1975. The contract provided that the product was to be received in the month of August, 1975. Furthermore, it required that "security for payment will be made with a Letter of Credit in the amount of $2,620,800.00 to be valid the month of August, 1975." The account shows on its face that partial payment for each of the four invoices was made by First City National Bank of Houston under the Letter of Credit. Therefore the sums paid must have become due prior to the expiration of the Letter of Credit on

the last day of August, 1975. We find, therefore, that prejudgment interest should have been awarded from September 1, 1975, to date of judgment.

Autotronic also contests the rate of prejudgment interest awarded by the trial court. The trial court awarded interest at the rate of six (6%) percent to date of judgment. Autotronic cites the recent case of *Phillips Petroleum Co. v. Stahl Petroleum Co.*, 569 S.W.2d 480 (Tex.Sup.1978) for the proposition that prejudgment interest can be awarded not only pursuant to a statute but also under the equitable principle that one should be compensated for the unauthorized use of his money. Autotronic argues that under this equitable basis for the award of prejudgment interest the interest should be awarded at the rate of nine (9%) percent per annum, by analogy to the recently amended article 5069–1.05, Tex. Rev.Stat.Ann. (Supp.1978), which now provides interest at the rate of nine percent per annum "from and after the date of the judgment." Autotronic contends that the legislature, in amending article 5069–1.05 to increase the rate of interest on judgments to nine percent, recognized a more realistic cost for the use of money in the current economy than the six percent per annum that formerly had been allowed. By analogy, Autotronic argues, this court should apply equitable principles to award prejudgment interest at that rate which more fairly compensates Autotronic for the wrongful detention of its money.

While Autotronic's argument is not without merit, we find no error in the trial court's award of prejudgment interest at the rate of six percent per annum. The account here falls squarely within the requisites of article 5069–1.03, Tex.Rev.Stat. Ann. (1971) which provides:

When no specified rate of interest is agreed upon by the parties, interest at the rate of six percent per annum shall be allowed on all written contracts ascertaining the sum payable, from and after the time when the sum is due and payable, and on all open accounts, from the first day of January after the same are made.

As noted above, Autotronic in its brief clearly acknowledges the fact that article 5069–1.03 applies to the account in question. As we read the Supreme Court's opinion in *Phillips Petroleum supra*, it is permitted but not required to award prejudgment interest under the authority of a statute, such as article 5069–1.03, or under an equitable theory, or under both. We interpret this to indicate that it is discretionary with the trial court whether to utilize the equitable theory when a statute clearly applies to provide for prejudgment interest. We cannot find any abuse of that discretion in the trial court's choice here of following the applicable statute and awarding interest at the rate of six percent per annum from the date the principle sum was due until the date of judgment. This is particularly true because the facts here are unlike those in *Phillips* where Phillips had held and used money belonging to Stahl for over ten years. Furthermore the Supreme Court in *Phillips* did not address itself to the question of the *rate* of interest to be awarded under the equitable theory. The cases cited in that opinion appear to have awarded such equitable interest at the "legal rate of interest." This rate is established by article 5069–1.03, which is entitled "Legal Rate Applicable", not by article 5069–1.05, which establishes the rate of interest on a judgment at nine percent from the date of such judgment. The problem presented here arises because the legislature has increased the rate of postjudgment interest to nine percent, effective September 1, 1975, without a corresponding increase in the legal interest rate as established by article 5069–1.03.

Appellant's points of error are all overruled. The judgment of the trial court is reformed to award prejudgment interest from September 1, 1975 to date of judgment at the rate of six percent per annum, and interest on the total amount of the final judgment at the rate of nine percent per annum. As modified the judgment of the trial court is affirmed.

Modified and affirmed.