**Luke CARO et ux., Appellants,**

v.

**Clyde HAYWOOD, Appellee.**

**No. 12978.**

Court of Civil Appeals of Texas, Austin.

July 25, 1979.

Charles S. Black, Jr., Law Offices of Bobby R. Taylor, Austin, for appellants.

James T. Odiorne, Bastrop, for appellee.

SHANNON, Justice.

Appellee Clyde Haywood sued appellants Luke Caro and Mae S. Caro, husband and wife, in the district court of Bastrop County asserting a claim for a liquidated money demand based upon written contract, Tex. R.Civ.P. 185 (1976), and for attorney's fees pursuant to Tex.Rev.Civ.Stat.Ann. art 2226 (Supp.1978). After trial to the court, judgment was entered for appellee for $900.00 on the verified account and for attorney's fees of $100.00.

Appellee's petition contains the usual allegations found in a Rule 185 pleading. The "itemized and verified" account is attached to the petition, upon which appellee prayed for attorney's fees pursuant to art. 2226.

Appellants filed a verified answer to the petition. The answer, however, did not deny the account in the manner required by Rule 185.

Although appellants failed to file an answer in conformance with Rule 185, appellee put on proof of his claim. Appellants make no contention on appeal that appellee, by going forward with proof, waived his right to rely upon appellant's failure to properly deny the verified account.

The evidence was that the parties entered into a written contract for repairs and improvements to appellants' house. Appellee was to be paid with the proceeds from an F.H.A. loan obtained by appellants. Although the F.H.A. representative approved appellee's work upon completion, appellants were not satisfied and refused to co-sign the F.H.A. check.

■ The judgment in this appeal will be affirmed if it can be sustained on any legal theory supported by the evidence, since the district court, which tried the case without benefit of a jury, was not requested to file, and did not file, findings of fact and conclusions of law. *Bishop v. Bishop,* 359 S.W.2d 869 (Tex.1962).

Appellants argue that appellee's action was not properly brought as a suit on a sworn account under Rule 185, and that the judgment so entered was not authorized even though their denial was insufficient. Appellants insist that appellee's action was on a "special contract" and that, as such, could not be brought under Rule 185.

Assuming for argument that appellee's action rested upon a "special contract," nevertheless, the judgment for the verified account was proper under Rule 185. The statutory predecessor of Rule 185 applied by its terms *only* to actions or defenses founded upon "open" accounts. The Supreme Court in *McCamant v. Batsell,* 59 Tex. 363 (1883), held that the statute did not refer to transactions resting upon "special contracts." The statute was amended after the holding in *McCamant v. Batsell, supra,* to include an action founded upon "any claim for a liquidated money demand based upon written contract or founded on business dealings between the parties . . ."

Likewise, Rule 185 presently includes actions or defenses founded on ". . . any claim for a liquidated money demand based upon written contract or founded on business dealings between the parties . . ."

■ Rule 185 is applicable to a transaction between parties resting upon special contract so long as the transaction is one of those expressly mentioned in the Rule. *Guay v. Schneider, Bernet & Hickman, Inc.,* 341 S.W.2d 461 (Tex.Civ.App.1960), writ ref'd n. r. e., *per curiam,* 344 S.W.2d 429 (Tex.1961); *Hollingsworth v. Northwestern National Ins. Co.,* 522 S.W.2d 242 (Tex.Civ.

App.1975, no writ); *Larcon Petroleum, Inc. v. Autotronic Systems,* 576 S.W.2d 873 (Tex. Civ.App.1979, no writ); *Carr Well Service, Inc. v. Skytop Rig Company,* 582 S.W.2d 500 (Tex.Civ.App.—El Paso, 1979). In the case on appeal, the contract to repair appellants' house gave rise to a "claim for liquidated money demand based upon written contract," a transaction specifically provided for by Rule 185. Because appellee's suit on the verified account was authorized by Rule 185, and because appellants failed to deny the account in the terms required by Rule 185, the judgment will be affirmed. *McDonald v. Newlywed's Inc.,* 483 S.W.2d 334, 337 (Tex.Civ.App.1972, writ ref'd n. r. e.).

■ If, indeed, appellee's action were based upon a "special contract," attorney's fees would not be recoverable pursuant to art. 2226 under the rule announced in *Meaders v. Biskamp,* 159 Tex. 79, 316 S.W.2d 75 (1958). That rule restricts recovery of attorney's fees on sworn accounts to "transactions between persons, in which there is a sale upon one side and a purchase upon the other, whereby title to personal property passes from one to the other, and the relation of debtor and creditor is thereby created by general course of dealing (which may include only one transaction between the parties)." The Supreme Court in *Meaders* held that "sworn account," as referred to in Tex.Rev.Civ.Stat.Ann. art. 2226, "does not mean transactions between parties resting upon special contract."[1] *Guay v. Schneider, Bernet & Hickman, Inc., supra.*

■ We have examined the statement of facts and have found *no* evidence to support entry of the judgment for attorney's fees. Because there was no evidence of presentment of the claim nor other evidence to support the judgment for attorney's fees, that part of the judgment may not stand irrespective of whether appellee's claim was based on a "special contract." Accordingly, it is unnecessary to determine if appellee's claim was based on a "special contract."

---

1. Appellee's claim originated before Tex.Rev. Civ.Stat.Ann. art. 2226 was amended in 1977 to

include claims founded on oral or written contracts.

That part of the judgment awarding attorney's fees is reversed and judgment is here rendered that appellee take nothing as to attorney's fees; in all other respects, the judgment is affirmed.

Reversed and Rendered in Part, and in Part, Affirmed.