Dr. Ward BROWN, Appellant,

v.

Stanley A. STARRETT, Jr., and Earl
Peck, d/b/a Starrett Construction,
Appellee.

No. 13–83–409–CV.

Court of Appeals of Texas,
Corpus Christi.

Nov. 29, 1984.

Michael F. Archer, San Antonio, for appellant.

E.R. Fleuriet, Harlingen, for appellee.

## OPINION

PER CURIAM.

This is a suit on sworn account. Starrett and Peck, d/b/a Starrett Construction Company (Starrett), brought suit against Dr. Ward Brown (Brown) to recover the balance on the cost of labor and materials, plus profit of 15% incurred by Starrett in remodeling Brown's home. After hearing all of the evidence in the case, the trial court granted judgment in favor of Starrett on the sworn account. Special issues were submitted to the jury on Brown's counterclaims for violation of the Deceptive Trade Practices Act and his affirmative defenses of failure of consideration, accord and satisfaction, attorney's fees and appellees' claim for prejudgment interest. The jury found that there had been no failure of consideration and found against Dr. Brown on his DTPA claim. Brown appeals only the actions of the trial court in granting judgment on Starrett's sworn account and awarding the appellees 10% as prejudgment interest on the account.

Starrett's First Amended Original Petition alleges that they entered into an oral contract with Brown whereby they agreed that Starrett would remodel and renovate Brown's home. The agreement, according to Starrett, was that Brown was to pay the cost of labor and materials, plus 15% as profit on the job. Starrett claims that a systematic record was kept of the expenses incurred, and the amount owing was $7,002.86 as profit and $2,285.72 on unpaid invoices. Dr. Brown, in an unsworn First Amended Original Answer and Counterclaim, asserts that the amounts stated were not owing, that proper demand had not been made, that there was a failure of consideration and asserted claims under the Deceptive Trade Practices Act.

On appeal, Brown argues three points of error. He first claims that the trial court erred in rendering judgment for that portion of the contract specifically relating to the 15% profit and overhead because the contract in question was a "special contract" not properly the basis for a suit on sworn account.

A "special contract" is "one with peculiar provisions or stipulations not found in the ordinary contract relating to the same subject matter and such provisions are such as, if omitted from the ordinary contract, the law will never supply." *Eisenbeck v. Buttgen*, 450 S.W.2d 696, 702 (Tex.Civ.App.—Dallas 1970, no writ). Transactions between parties resting on special contracts do not come within TEX. R.CIV.P. 185, except if the transaction in question is a transaction mentioned in the rule. *Caro v. Haywood*, 585 S.W.2d 354 (Tex.Civ.App.—Austin 1979, no writ); *Hollingsworth v. Northwestern National Insurance Co.*, 522 S.W.2d 242 (Tex.Civ.App.—Texarkana 1975, no writ). Rule 185 specifically includes actions or defenses founded on "... any claim for a liquidated money demand based upon a written contract or founded upon business dealings between the parties." Tex.R.Civ.P. 185.

In the case at bar, the petition alleges that the parties entered into a contract to repair and renovate appellant's home. The agreement was that appellant would pay the cost of labor and materials utilized and 15% as profit. The 15% profit factor was an amount which could be readily ascertained from the invoices attached to appellees' petition. Appellees' petition also contained several ledger sheets which showed the amount of labor and materials expended on the job. At the end of the ledger sheet, the total amount expended on the job is listed. The ledger sheet shows how the 15% profit factor was derived. We need not reach the issue of whether the contract for 15% profit was a "special contract" because we find that the transaction in question was specifically within TEX.R. CIV.P. 185 because it was a liquidated claim founded upon business dealings be-

tween the parties. Appellant's first point of error is overruled.

In appellant's second point of error, he asserts that the trial court erred in rendering judgment for the appellee pursuant to TEX.R.CIV.P. 185 because that portion of the contract relating to the 15% profit and overhead factor was not properly framed in the pleadings to support a judgment.

TEX.R.CIV.P. 185, which was in effect on the date of trial, stated that a proper pleading based upon a sworn account:

> ... shall be taken as prima facie evidence thereof, unless the party resisting such claim shall, before an announcement of ready for trial in said cause, file a written denial, under oath, stating that each and every item is not just or true, or that some specified items are not just and true....[1] When the opposite party fails to file such affidavit, he shall not be permitted to deny the claim, or any item therein, as the case may be.

TEX.R.CIV.P. 93(k), which was in effect at the time the trial court granted judgment, provided, in part:

> That an account which is the foundation of the plaintiff's action, and supported by the affidavit, is not just, and in such case, the answer shall state that each and every item is not just or true, or that some specified items are not just and true.[2]

The cases which have interpreted Rules 185 and 93(k) require strict adherence to the requirements of the rules. *Edinburg Meat Products, Inc. v. Vernon Co.*, 535 S.W.2d 432 (Tex.Civ.App.—Corpus Christi 1976, no writ); *Goodman v. Art Reproductions Corp.*, 502 S.W.2d 592 (Tex. Civ.App.—Dallas 1973, writ ref'd n.r.e.). A denial of a sworn account should strictly comply with the rules; otherwise, a defendant will not be permitted to deny appellees' claim. *See Crystal Investments v. Manges*, 596 S.W.2d 853 (Tex.1980); *Edinburg Meat Products Co. v. Vernon*, 535 S.W.2d at 435. If a sworn denial is not in compli-

ance with the rule, the sworn account is taken as prima facie evidence against a defendant, and the defendant may not dispute receipt of items or services or the correctness of the charges, although he may defend on other grounds. *Rizk v. Financial Guardian Insurance Agency*, 584 S.W.2d 860 (Tex.1979).

In our opinion, plaintiff's sworn petition, which complied with Rule 185, established a prima facie case. Because Brown's unsworn answer and counterclaim failed to properly deny the petition (see Rule 93[k]), he may not now dispute the correctness of the charges. The second point of error is overruled.

In appellant's last point of error, he claims that the trial court erred in rendering judgment for Starrett for the loss of the use of funds at the rate of 10% per annum because the applicable rate of prejudgment interest on a sworn account is 6% when no specified rate of interest is agreed upon by the parties.

We agree with appellant that the applicable rate of interest on sworn accounts is 6% per annum. TEX.REV.CIV. STAT.ANN. art. 5069–1.03 (Vernon 1971). However, non-statutory interest has been allowed under the name of "damages," measured by the legal rate of interest, and at other times has been allowed as damage under the equitable doctrine for use and detention of money. *See Phillips Petroleum Co. v. Stahl Petroleum Co.*, 569 S.W.2d 480 (Tex.1978). The *Phillips* case has been interpreted to mean that it is within the trial court's discretion to utilize the equitable theory when a statute clearly applies to provide for prejudgment interest. *Larcon Petroleum, Inc. v. Autotronic Systems, Inc.*, 576 S.W.2d 873 (Tex.Civ. App.—Houston [14th Dist.] 1979). A prayer for interest provides fair notice of the claim for relief for prejudgment interest. *Black Lake Pipe Line Co. v. Union Construction Co., Inc.*, 538 S.W.2d 80 (Tex. 1976); *Arndt v. National Supply Co.*, 633

---

1. TEX.R.CIV.P. 185 was amended by the Legislature in 1983.

2. TEX.R.CIV.P. 93(k) was amended by the Legislature in 1983.

**148**

S.W.2d 919 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.).

In the case at bar, Starrett specifically pled that they had been damaged by lost interest on a liquidated sum which was determinable as of January 20, 1982. They claimed as damages 10% per annum from January 20, 1982 until the time of trial. No special exception was made to these pleadings by appellant in accordance with TEX.R.CIV.P. 90. During trial, Starrett testified that he was Chairman of Economic Development for the Harlingen Chamber of Commerce. He testified that he received a degree in Finance and was a stockbroker for four years. He claimed he was familiar with the workings of the financial community. He testified that, if he had the sum of money allegedly owed by Brown available to him, he could have gotten a minimum of 10% by investing it. The only objection made by appellant was that Starrett had not shown himself to be an expert on what interest might be paid on funds. Thereafter, Starrett testified regarding his background in finance and prevalent interest rates. There were no further objections to his testimony.

The jury also found in answer to a special issue that 10% per annum was the percentage which would reasonably compensate Starrett as damages for the loss of the use of funds from January 20, 1982 until the present. Considering the entire record, we find that appellee properly pled and proved the award of prejudgment interest at the rate of 10% per annum. Appellant's third point of error is overruled.

The judgment of the trial court is affirmed.