REQUIPCO, INC., Appellant,

v.

AM–TEX TANK & EQUIPMENT, INC., Appellee.

No. C14–86–780–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 9, 1987.

Daniel J. David, John B. Schorsch, Jr., Dallas, for appellant.

Jeffery B. Kaiser, Houston, for appellee.

Before JUNELL, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a summary judgment granted in Appellee's suit on a sworn account. Appellee, Am–Tex Tank & Equipment, Inc. (Am–Tex), filed a sworn petition as required by Rule 185 of the Texas Rules of Civil Procedure. Appellant, Requipco, answered by unsworn general denial. Appellee then moved for summary judgment, under Rule 166–A and Rule 185, based upon the summary judgment evidence and Appellant's failure to file a sworn denial under Rule 185. The trial court granted Appellee's motion. We affirm.

Appellant entered into a contract with Mr. J.R. Wilson whereby Appellant agreed to perform certain construction work, including excavation and installation of underground gasoline storage tanks. Appellant then subcontracted with Walker Tank & Equipment to excavate and install these storage tanks and to perform the related work. Appellee is Walker Tank & Equipment's successor in interest. The contract also provided for "progress" billing for work completed.

On September 27, 1985, Appellee sent an invoice to Appellant requesting payment of $11,086.74. The requested amount was for the "progress" payment for the completion of ninety percent of the work Appellee had sub-contracted to perform. On October 31, 1985, Appellant paid $5,500.00, leaving a balance of $5,587.60 unpaid.

On May 1, 1986, Appellee filed a sworn petition under Rule 185 to recover this remaining balance. The invoice for $11,086.74 and the affidavit of Appellee's president, Mr. Robert Marron, were attached to the petition. Appellant answered only by unsworn general denial. Appellee then moved for summary judgment based on plaintiff's original sworn petition, Mr. Marron's affidavit, a second affidavit by Mr. Marron in support of the motion for summary judgment and the affidavit of Appellee's attorney regarding reasonable attorney's fees.

Appellant responded to the Motion for Summary Judgment by alleging that Appellee improperly performed the work and was not entitled to payment of the balance owed. Appellant's opposition consisted of a copy of the contract and the affidavit of Appellant's president, Mr. Larry Minx. On July 24, 1986, the trial court granted summary judgment for Appellee. Subsequently, on August 25, 1986, Appellant filed an original answer and counterclaim and a Motion for New Trial. The trial court denied leave to file the counterclaim and overruled the Motion for New Trial.

Appellant asserts three points of error. In point of error one, Appellant contends that Mr. Marron's affidavit was based on hearsay, therefore it was insufficient for purposes of Rule 185 and 166–A.

Rule 185 requires that the petition be accompanied by "the affidavit of the party, his agent or attorney ..., to the effect that such claim is, within the knowledge of affiant, just and true, that it is due, and that all just and lawful offsets, payments and credits have been allowed...." Tex.R. Civ.P. 185. Mr. Marron's affidavit reads in pertinent part as follows:

"I am over twenty-one (21) years of age, have never been convicted of a crime, am President of AM–TEX TANK & EQUIPMENT, INC. (formerly WALKER TANK & EQUIPMENT, INC.) and have full authority to make this Affidavit. I have personal knowledge of all facts stated herein concerning the Defendant, REQUIPCO, INC., as set forth and contained in Plaintiff's Original Petition. I know that Plaintiff's claim for FIVE THOUSAND FIVE HUNDRED EIGHTY–SEVEN and 60/100 DOLLARS ($5,587.60) set forth therein as evidenced by the Exhibit 'A' invoice is just, true and correct; that such sum is due; that all just and lawful offsets, tradeouts, payments and credits have been allowed thereby leaving Defendant, REQUIPCO, INC., indebted to Plaintiff in the amount of FIVE THOUSAND FIVE HUNDRED EIGHTY–SEVEN and 60/100 DOLLARS ($5,587.60)."

Appellant contends that the affidavit does not show *how* the affiant has personal knowledge, and since affiant is the president of Am–Tex the affidavit fails to affirmatively show that he has knowledge regarding the actions of Walker Tank & Equipment, Inc. Appellant concludes that the affidavit is based upon hearsay, cannot support the petition and that the trial court erred in granting summary judgment under Rule 185. We disagree.

An affidavit must in some way show that the affiant is personally familiar with the facts so that he could personally testify as a witness. *Estate of Diggs v. Enterprise Life Ins. Co.*, 646 S.W.2d 573, 575 (Tex.App.—Houston [1st Dist.] 1982, writ ref'd n.r.e.). Mr. Marron stated "I have personal knowledge of all facts stated herein concerning the Defendant ... as set forth in Plaintiff's Original Petition. I know that Plaintiff's claim ... is just, true and correct." Mr. Marron executed the affidavit as an officer of Am–Tex, *formerly* Walker Tank and Equipment, Inc. In the absence of any evidence to the contrary, we hold that the affidavit is sufficient to show the affiant had personal knowledge of the facts contained in plaintiff's original petition and in the motion for summary judgment. The affidavit meets all the requirements set out in Rule 185 and is an affidavit made on personal knowledge as required by Rule 166–A. *See Larcon Petroleum, Inc. v. Autotronics Systems, Inc.*, 576 S.W.2d 873, 876–877 (Tex. App.—Houston [14th Dist.] 1979, no writ).

We further find Appellant has waived any objection to the form or substance of Appellee's pleadings under Rule 90 by its failure to specifically point out any such defects in writing to the trial court prior to entry of judgment. Tex.R. Civ.P. 90; *Larcon Petroleum, Inc. v. Autotronic Systems, Inc.*, 576 S.W.2d at 877. Appellant's first point of error is overruled.

In point of error two, Appellant contends that this was a suit on a special contract rather than an open account and that Appellant was not required to make a sworn denial.

Rule 185 is applicable "[w]hen any action or defense is founded upon an open account or other claim for goods, wares and mer-

chandise, including any claim for a liquidated money demand based upon written contract or founded on business dealings between the parties, or is for personal services rendered, or labor done or labor or materials furnished, on which a systematic record has been kept...." Tex.R.Civ.P. 185.

Assuming, arguendo, that Appellee's claim rested upon a "special contract," the judgment nevertheless was proper under Rule 185. Rule 185 is applicable to a transaction resting upon a special contract so long as the transaction is one of those expressly mentioned in the Rule. *Brown v. Starrett,* 684 S.W.2d 145, 146 (Tex.App. —Corpus Christi 1984, no writ); *Caro v. Haywood,* 585 S.W.2d 354, 356 (Tex.Civ. App.—Austin 1979, no writ). In the instant case, the petition alleges that the parties entered into an agreement to provide Appellant with the labor and materials necessary to excavate and to install gasoline storage tanks. Appellee's petition also contained an invoice which showed that 90% of this work had been completed and included the cost of the storage tanks. We find that this transaction was specifically within Rule 185. Appellant's second point of error is overruled.

In his final point of error, Appellant maintains that even if the transaction was one governed by Rule 185, the trial court erred in not hearing Appellant's counterclaim.

In a suit on a sworn account, if the defendant fails to file a written denial under oath and in the form required by Rules 185 and 93(10), he may not dispute the receipt of the items or services or the correctness of the amount charged either in whole or in part. *Airborne Freight Corp. v. CRB Marketing, Inc.,* 566 S.W.2d 573, 574 (Tex.1978); *See Larcon Petroleum, Inc. v. Autotronic Systems, Inc.,* 576 S.W.2d at 877. However, a defendant may assert defenses in the nature of confession and avoidance without filing a sworn denial if they are properly pleaded. *Airborne Freight Corp. v. CRB Marketing, Inc.,* 566 S.W.2d at 574. He may also assert a properly pleaded counterclaim. *Coastal Plains, Inc. v. City of Fort Worth,* 443 S.W.2d 414, 419 (Tex.Civ.App.—Fort Worth

1969, no writ). *Burrus Mills, Inc. v. Hein,* 399 S.W.2d 950, 953 (Tex.Civ.App.—Houston 1966, writ ref'd n.r.e.).

Appellant contends that it raised a defense or counterclaim to the motion for summary judgment in its response and supporting affidavit. We disagree. Appellant's response alleges that Appellee improperly performed the work and that Appellant was thereby damaged. The affidavit of Larry Minx that was attached to the response does not contain facts to support the allegations in the response. The pertinent portion of the Minx affidavit is as follows:

3. Am–Tex failed to fully, properly and completely perform the work required in said agreement and, as a result, the owner failed and refused to pay Requipco the full amount for said work and Requipco in turn has properly offset said amount from the amounts paid Am–Tex. The total value of damages caused by Am–Tex's failure to completely and properly perform the work was not less than $5,587.60.

The affidavit contains conclusions rather than statements of fact. This court has previously held that an affidavit in opposition to a motion for summary judgment must set forth the *facts* upon which the affiant relies, and further, if the affidavit merely contains legal conclusions it will be found insufficient to defeat a proper motion for summary judgment. *Harbour Heights Development, Inc. v. Seaback,* 596 S.W.2d 296, 297 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ). The conclusions of Appellant have no probative value and are not competent summary judgment evidence. *Hidalgo v. Surety Savings & Loan Ass'n,* 487 S.W.2d 702, 703 (Tex.1972).

In ruling on a motion for summary judgment, the trial court considers the record only as it properly appears when the motion for summary judgment is heard. *Nicholson v. Memorial Hospital System,* 722 S.W.2d 746, 749 (Tex.App.—Houston [14th Dist.] 1986, no writ.). *Brown v. Prairie View A & M University,* 630 S.W.2d 405, 411 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.). When the summary judgment hearing was conducted the only pleadings and evidence filed by

Appellant were its original answer, its Response to the Motion for Summary Judgment, a copy of the contract and the affidavit of its president, Mr. Larry Minx. Appellant did not file a proper counterclaim until *after* entry of judgment. In conjunction with a Motion for New Trial, filed one month after the trial court entered judgment on Appellee's Motion for Summary Judgment, Appellant filed an *unsworn* amended original answer and a counterclaim, along with a motion for leave to file the counterclaim. The trial court properly denied leave to file the counterclaim.

■ Where the party suing on a sworn account theory files its motion for summary judgment on the sole ground that the defendant has failed to file a proper sworn denial, the defendant may file an amended answer to the suit containing a proper sworn denial as late as the day of trial, but before he announces ready for trial. *Magnolia Fruit & Produce v. Unicopy Corp.*, 649 S.W.2d 794, 796–797 (Tex.App.—Tyler 1983, writ dism'd w.o.j.). However, Appellant's amended original answer and counterclaim did not contain a verified denial as required by Rule 185 nor was it filed prior to trial. Appellant has simply failed to timely or properly present a counterclaim. Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal. Tex.R.Civ.P. 166–A; *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 677 (Tex.1979).

■ The sworn account is prima facie evidence of the debt. Tex.R.Civ.P. 185. As a result of Appellant's failure to file a sworn denial or properly plead a counterclaim, there was no issue of fact raised regarding whether Appellant owed the debt. Therefore, the trial court did not err in granting summary judgment for Appellee. Appellant's third point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.