**DOUGLAS ELECTRONICS, INC., Appellant,**

v.

**PINNACLE SYSTEMS, INC., Appellee.**

**No. 13–90–362–CV.**

Court of Appeals of Texas, Corpus Christi.

Feb. 21, 1991.

Rehearing Overruled March 28, 1991.

Wm. DeWitt Alsup, Alsup & Alsup, Corpus Christi, for appellant.

Bruce E. Longenecker, Dallas, for appellee.

Before NYE, C.J., and BENAVIDES and HINOJOSA, JJ.

## OPINION

BENAVIDES, Justice.

Douglas Electronics, Inc. sued Pinnacle Systems, Inc. on a sworn account; Pinnacle counter-claimed for usury. After a bench trial, the court entered judgment for Douglas on the sworn account but upheld Pinnacle's counter-claim for usury and ordered that Douglas forfeit the amount Pinnacle owed and pay Pinnacle the statutory penalty for usury and attorney's fees. By fifteen points of error, Douglas challenges the trial court's admission of certain evidence and its findings of fact and conclusions of law. We affirm the trial court's judgment.

Douglas sold and delivered $6,568.32 worth of electronic parts to Pinnacle. Although invoiced, Pinnacle did not pay. Douglas added a late charge of $197.04 for two months to what Pinnacle owed and continued to invoice Pinnacle. Pinnacle defaulted on its payment to Douglas. Douglas sued for the total of $6,765.36 and attached a sworn copy of Pinnacle's billing and payment schedule and sworn copies of invoices to its original petition.

Pinnacle answered with an unsworn general denial, contending that Douglas' claim was barred or offset by the forfeiture penalty in TEX.REV.CIV.STAT.ANN. art. 5069–1.-06(2) (Vernon 1987). Pinnacle also counter-claimed under the same statute for usurious interest, and attached a sworn copy of an invoice showing late charges of $98.52 per month for two months and a sworn copy of a letter from Douglas informing Pinnacle that it intended to charge a 1.5% per month service charge to all uncontested account balances over forty-five days old.

Douglas served Pinnacle with requests for admissions and interrogatories, which Pinnacle answered. Subsequently, eight days before trial, Douglas answered Pinnacle's counter-claim, claiming the defenses and prohibitions of TEX.REV.CIV.STAT.ANN. art. 1302–209 (Vernon Supp.1991), that no usurious interest had been charged, accidental or bona fide error, and estoppel based on the past dealings between the parties wherein Pinnacle agreed to pay up to 1.5% interest per month on the unpaid balance of any overdue account.

At the beginning of trial, Pinnacle's attorney did not dispute Douglas' right to recover on the sworn account except for the fact that it claimed that the recovery should be offset because of the forfeiture penalty of the usury statute. The case proceeded to trial on the usury claim. Subsequently, the court entered its judgment in favor of Douglas on the sworn account and in favor of Pinnacle on its usury claim. The judgment ordered Douglas to forfeit the amount due on the sworn account, to pay a penalty of 20% of the principal, and to pay Pinnacle's attorney's fees.

By its second and third points of error, Douglas contends that the trial court erred in entering judgment for Pinnacle on its usury counter-claim because the trial court's judgment for Douglas estopped the trial court from entering judgment for Pinnacle and the validity of all charges were admitted by the trial court's judgment. We find no merit in these points of error. Although Pinnacle's failure to file a sworn answer precludes it from contesting the specifics of the sworn account such as the correctness of the charges and the receipt of the items, the lack of a sworn denial does not affect Pinnacle's ability to bring its counter-claim for usury. *See Rizk v. Financial Guardian Ins. Agency*, 584 S.W.2d 860, 863 (Tex.1979); *Brown v. Starrett*, 684 S.W.2d 145, 147 (Tex.App.—Corpus Christi 1984, no writ). Pinnacle's suit for usury does not contest that the account is due but contends that the amount is not recoverable because of the forfeiture provisions of the usury statute. Douglas' second and third points of error are overruled.

By its first point of error, Douglas contends that the trial court erred in permitting Pinnacle to introduce documentary and testimonial evidence through witnesses because Pinnacle failed to disclose either the documents or the witnesses in response to discovery. The pertinent request for admission and interrogatory and Pinnacle's answers are as follows:

REQUEST NO. 8: Admit that except as shown on the statement of account at-

tached to Plaintiff's Petition, there are no credits which are due or should be allowed.

ANSWER: Denied.

INTERROGATORY NO. 8: If Request for Admission No. 8 is not admitted, as to each credit or offset claimed, state the amount of such credit or offset, the date it accrued, how you contend it accrued, the names and addresses of all persons having knowledge of relevant facts relating to such credit or offset; and if there are any written documents in existence which support your contention that such credit of offset should be allowed, attach copies to your answers to these Interrogatories, or in the alternative describe each such wsritten [sic] document with sufficient particularity that a person who had never seen said written instrument could adequately frame a Motion to Produce in accordance with Rule 167 of the Texas Rules of Civil Procedure.

ANSWER: The credit or offset claimed (forfeiture of all sums allegedly due) is set forth in Paragraph IV of Defendant's Counterclaim.

Paragraph IV of Pinnacle's counterclaim set forth the date of the first charge of interest as on or about August 25, 1989, and referenced a letter which was attached to the counter-claim as an exhibit. This letter was from Thomas A. Jackson, president of Douglas, and contained his address in addition to an assertion that, effective immediately, Douglas was going to charge a 1.5% per month service charge on all uncontested past-due account balances. Paragraph IV also contained an assertion that this interest charged was more than double the 6% that TEX.REV.CIV.STAT.ANN. art. 5069–1.03 (Vernon 1987) allowed. Lastly, Pinnacle contended that Douglas was liable to it for statutory penalties of $1,313.66, plus attorney's fees and forfeiture of the alleged principal obligation.

At trial, Pinnacle called five witnesses and introduced seven exhibits. Douglas objected to each of Pinnacle's witnesses, except for Jackson, and to Pinnacle's Exhibits one, two and five, on the grounds that either the witness or the document had not been identified in response to INTERROGATORY NO. 8. At trial, Pinnacle argued that its counter-claim for usury was not an account credit which was due or should be allowed and that therefore, it was not obligated to answer INTERROGATORY NO. 8 as it related to the usury claim. The trial court overruled Douglas' objections and allowed the testimony and documents to be admitted.

On appeal, Pinnacle does not dispute that persons and documents which are not identified in response to discovery should be automatically excluded pursuant to Tex.R.Civ.P. 215(5) and *Sharp v. Broadway Nat'l Bank,* 784 S.W.2d 669, 671 (Tex. 1990). Pinnacle disputes that INTERROGATORY NO. 8 related to its usury claim and contends that the usury penalty is not an "offset, payment, or credit" as contemplated by the interrogatory and that it was not obligated to answer the interrogatory in that regard.

REQUEST NO. 8 is worded broadly so that it could include any credit, including a credit on the judgment as a result of a usury penalty; the request is not limited to credits to Pinnacle's account. Pinnacle's answers to REQUEST NO. 8 and INTERROGATORY NO. 8 indicate that, at the time it answered, Pinnacle recognized that the discovery was not limited to credits to its account and that it considered the usury penalty to be another type credit which was due or should be allowed. Furthermore, Pinnacle's answer to INTERROGATORY NO. 8 states that a credit or offset is claimed and specifically references Pinnacle's counter-claim, from which some of the information requested in the interrogatory could be gleaned. Pinnacle itself included its counter-claim in its answer to Douglas' discovery without objecting to the interrogatory or contending at that time that the interrogatory did not apply to its counterclaim. If a party answers an interrogatory without objecting to its form, then later tries to call a witness that was not revealed to the opposing party in answering the interrogatory, the trial court should disallow the testimony unless good cause can be shown. *Gutierrez v. Dallas Indep. School*

*Dist.,* 729 S.W.2d 691, 693 (Tex.1987). By initially answering Douglas' INTERROG-ATORY NO. 8 and providing some of the requested information, Pinnacle obligated itself to provide full information regarding its counterclaim. Pinnacle, having treated its claim as a credit in answering the discovery, should not be allowed to claim at a later date that its claim was not a credit for purposes of the discovery.

Furthermore, a party is entitled to prepare for trial assured that a witness will not be called because opposing counsel has not identified him or her in response to an interrogatory. *Sharp,* 784 S.W.2d at 671; *K–Mart v. Grebe,* 787 S.W.2d 122, 126 (Tex. App.—Corpus Christi 1990, writ denied). Because Pinnacle did not supplement its discovery answers, it was limited at trial to those witnesses and documents which were included in its answer. It was error for the trial court to admit the testimony of any witness other than Jackson or to admit any document other than that attached to Pinnacle's counter-claim.

■ Having determined that it was error for the trial court to admit the complained-of documents and witnesses' testimony, we review whether that error is reversible. *See Ramos v. Champlin Petroleum Co.,* 750 S.W.2d 873, 877 (Tex.App.—Corpus Christi 1988, writ denied). For the error to be reversible, we must find that the trial court's error was reasonably calculated to cause and probably did cause the rendition of an improper verdict. *Ramos,* 750 S.W.2d at 877. When the evidence is cumulative and not controlling on a material issue dispositive of the case, it will not ordinarily be reversible error. *Id.* at 877–78; *Gonzalez v. Stevenson,* 791 S.W.2d 250, 253 (Tex.App.—Corpus Christi 1990, no writ).

Jackson, the president of Douglas, testified without objection and identified the letter of August 21, 1989, which was initially attached to Pinnacle's usury counterclaim. He admitted that he was the person who signed the letter and that he had written the text of the letter. After his attorney read into the record the first sentence of the letter, "Effective immediately, we will begin applying the 1.5% per month service charge on all uncontested account balances over 45 days old," Jackson acknowledged that this was what the letter said. Subsequently, Jackson identified a copy of an October, 1989, invoice sent to Pinnacle and that it had the same interest rate and that of the invoice attached to Pinnacle's sworn petition ($98.52 per month on an outstanding balance of $6,568.32 or 1.5% per month). Jackson stated that Douglas did not have any original or photocopy of an original document signed or initialed by anyone from Pinnacle which mentioned interest or late charges. Jackson further testified that he did not have any personal knowledge whether Pinnacle had signed an open accounts agreement with Douglas. A copy of Douglas' standard open accounts agreement was admitted into evidence for the sole purpose of illustrating that Douglas' standard procedure included executing such an agreement with its customers; it was not admitted for the purpose of showing that an agreement had existed between Douglas and Pinnacle or to show what an allegedly lost agreement between Douglas and Pinnacle had contained. No testimony was presented from any witness at trial to support Douglas' defense that Pinnacle had in fact signed an open accounts agreement providing for 18% interest per annum and no evidence was presented of past dealings between the parties showing such an arrangement.

Pinnacle's other witnesses, to which Douglas objected, David Bryan Winstanley, Jeffrey Vincent Range, and Jacqueline K. Arteberry, each testified that Pinnacle did not have an open accounts agreement with Douglas. Each also testified that Pinnacle did not have an agreement with Douglas regarding the charging of interest. Winstanley also testified regarding receipt of the invoices with the late charge and the letter stating that Douglas was going to charge 1.5% per month interest as a late charge.

■ Jackson's testimony alone established Pinnacle's claim for usury. A demand for usurious interest contained in an

invoice or a letter is a violation of the usury statute under articles 5069–1.03, 1.06, as "charging" usurious interest. *Augusta Dev. Co. v. Fish Oil Well Serv., Inc.,* 761 S.W.2d 538, 542 (Tex.App.—Corpus Christi 1988, no writ). Interest of 18% per annum is in excess of the 6% allowed by law and is usurious under article 5069–1.03. Testimony from the other witnesses was cumulative and not controlling on the issues. We do not find that the trial court's error in admitting the evidence was reasonably calculated to cause and probably did cause the rendition of an improper verdict. Douglas' first point of error is overruled.

■ By points of error seven through twelve, Douglas challenges the sufficiency of the evidence to support the trial court's findings regarding usury and the finding that there was no agreement between Douglas and Pinnacle. The court's findings which are challenged recite that Douglas charged Pinnacle interest of $98.52 for each of the months of August, 1989, and September, 1989, and that the interest rate at which Douglas charged Pinnacle was 1.5% per month, equalling 18% per annum, on each of these two separate occasions. Furthermore, according to the court, there was no agreement between Douglas and Pinnacle allowing the charging of interest. Charging interest of 18% per annum was more than double the maximum rate of interest of 6% per annum and the charging was not the result of an accidental or bona fide error.

■ The trial court's findings of fact are reviewable for legal and factual sufficiency of the evidence to support them, *First Nat'l Bank v. Kinabrew,* 589 S.W.2d 137, 146 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.), and are reviewable by the same standards as are applied in reviewing the legal and factual sufficiency of the evidence supporting a jury's answer to a special issue. *Okon v. Levy,* 612 S.W.2d 938, 941 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.).

As previously discussed, Jackson testified that he wrote the letter which he sent to Pinnacle advising it that Douglas was going to apply a 1.5% per month interest charge to outstanding account balances. Jackson also reviewed the invoices sent to Pinnacle and agreed that the amount of the late charges which Douglas assessed to Pinnacle's account were at the 1.5% per month rate. 1.5% interest per month for 12 months is 18% interest per annum. Furthermore, Jackson neither had any personal knowledge of any agreement between Pinnacle and Douglas regarding payment of interest nor could he produce any document evidencing such an agreement. The open account contract produced by Jackson was admitted solely for the purpose of illustrating Douglas' company procedure for opening new accounts. The evidence is legally and factually sufficient to support the findings of fact. Douglas' points of error seven through twelve are overruled.

By points of error five and six, Douglas contends that Pinnacle failed to meet its burden of proof to establish a charge of usury and that there was no evidence of any usurious charge. By its fourth point of error, Douglas contends that the trial court erred in applying the usury statute to this case. There was evidence of a demand of interest at 1.5% per month, equalling 18% per annum. Interest of 18% per annum is in excess of the 6% allowed by law and is usurious; the penalties for usury are set forth in the usury statute. Tex.Rev. Civ.Stat.Ann. art. 5069–1.03, 1.06. The evidence and findings of fact establish Pinnacle's claim for usury. *See Augusta Dev. Co.,* 761 S.W.2d at 542. Since Douglas' letter and invoice to Pinnacle contained demands for late charges calculated at an interest rate of 1.5% per month, the trial court properly applied the usury statute to this case and properly granted judgment for Pinnacle on its usury claim. Douglas' points of error four through six are overruled.

By points of error thirteen through fifteen, Douglas complains that the trial court did not apply either Tex.Rev.Stat.Ann. art. 1302–2.09 (Vernon Supp.1991) or Tex.Bus. & Com.Code Ann. § 2.207 (Vernon 1968). Both of these statutes apply when there is an agreement, either express or implied, to pay a certain monthly interest. *See Pres-*

*ton Farm & Ranch Supply v. Bio-zyme Enter.,* 625 S.W.2d 295, 298–99 (Tex.1981). These statutes do not apply when there is no agreement. The trial court found that there was no agreement. This finding is supported by the evidence. Therefore, these statutes did not cover the situation and the trial court properly did not apply them. Douglas' points of error thirteen through fifteen are overruled.

The trial court's judgment is AFFIRMED.